## NORTHERN DEPARTMENT.
### WESTERN DIVISION.

### CHARLES HOWARD v. I. M. YOST et al.
#### No. 15.

1. PROMISSORY NOTE—*release of one joint maker, not release of others except to extent of amount actually paid by him.* The fact that one or more joint makers of a promissory note are released from liability thereon, does not release any of the other makers, except to the extent of the amount actually paid thereon by the party so released.

2. ——— *each joint maker primarily liable for whole amount due on.* Each of the makers of a promissory note is primarily liable to the payee or holder for the whole amount due thereon.

Error from Ellis District Court. Hon. S. J. Osborn, Judge. Opinion filed November 5, 1897. *Reversed.*

*Chas. A. Hiller*, for plaintiff in error.

*Frank Danford*, for defendants in error.

WELLS, J. This action was brought in the District Court of Ellis County by Charles Howard, plaintiff in error, against I. M. Yost, J. H. Downing, D. C. Nellis, James Reeder, and Simon Motz, the defendants in error, to recover an amount claimed to be due upon two promissory notes given by the defendants to the plaintiff. Several questions were raised upon the trial in the court below, and the matter was submitted to a jury, which found for the defendants. The plaintiff brings the case here for review.

The main question is upon the instructions of the court to the jury, and, as there was such error in these instructions as renders a new trial necessary, this is

the only question we shall consider herein. The court substantially instructed the jury that upon a promissory note signed by several parties, each of the makers is held only for his proportionate share of the sum due thereon; and that the release of one amounts, in substance, to an acknowledgment of the receipt of his proportionate share. This is not the law. Under the provisions of chapter 75, General Statutes of 1889 (¶ ¶ 3998–4002), one joint debtor may secure a release of his liability without in any way affecting the liability of the others (see also ¶ 1102, Gen. Stat. 1889), while paragraph 491, General Statutes of 1889, makes each of the makers liable for the whole amount due. See also ¶ ¶ 1098, 1101, Gen. Stat. 1889.

The plaintiff was entitled to judgment against such of the defendants as he desired, for any amount actually due and unpaid upon the notes, unless his action was barred by the Statute of Limitations or some other legal defense appeared thereto.

The judgment of the District Court will be reversed and a new trial ordered.