BENJAMIN M. DAVIES v. W. MARTIN JONES, *Executor*, *etc.*

**No. 11,524.** (60 Pac. 314.)

1. PARTNERSHIP—*Effect of Release to One Partner.* A release given by a creditor to one of several persons liable to him as partners discharges the debt in proportion to the amount for which the discharged debtor was liable under the latter's arrangement with his associates in the firm.

2. PRACTICE, DISTRICT COURT—*Supplemental Answer.* A judgment of the district court in favor of a party sought to be charged with liability as a partner was reversed by this court and judgment directed to be entered against the latter. After the reversal, the defendant asked leave of the trial court to file a supplemental answer setting up a discharge in writing of one of the parties jointly liable for the debt with him, made by the creditor after the trial of the cause in the court below. *Held*, that it was error to overrule such application.

3. ——— *Case Followed.* The case of *McDonald v. Swisher*, 60 Kan. 610, 57 Pac. 507, followed.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 10, 1900. Reversed.

### STATEMENT.

THE facts leading up to the present controversy, necessary to a proper understanding of the questions involved, were stated in the opinion of Mr. Justice Johnston, in *Jones v. Davies*, 60 Kan. 309, 56 Pac. 484, when this case was here before, as follows:

"It appears that on November 15, 1886, W. E. Swift, F. E. Holliday, A. P. Bowman, Joseph Free-

man and A. B. Quinton purchased from Jacob Skill-
man for speculation and profit four lots in the city of
Topeka for the sum of $14,000, making a cash pay-
ment of $3000, leaving $11,000 to be paid in four in-
stalments of $2750 each. No partnership articles or
written contract were made between the purchasers,
but it was agreed that Swift and Holliday each held
a one-fourth interest, and that each of the remaining
parties held a one-sixth interest. On this basis each
of the parties contributed his share to the cash pay-
ment of $3000, and the understanding between them
was that on all other and further payments of pur-
chase-price, interest, taxes and other incidental ex-
penses each of the parties was to contribute according
to his respective interest, and that all profits that
might be realized from a sale of the lots or any part
of them should be divided among them according to
the respective interests of each. For convenience it
was mutually agreed that a deed from Skillman should
be taken in the name of one of the partners, W. E.
Swift, and that Swift and his wife should execute a
mortgage on the property to secure the deferred pay-
ments.

"It was understood that any of the parties could
sell or transfer his interest in the adventure without
consulting the others, and upon the transfer of an in-
terest it was the practice of W. E. Swift to give a
statement or certificate that such interest had been
transferred. On December 28, 1887, Davies purchased
the interest of Quinton, and at the time of the pur-
chase Swift gave Davies a certificate to the effect that
Davies was the owner of a one-sixth interest in the
lots, describing them, and that they were taken sub-
ject to a like proportion of the $11,000 encumbrance
on them. After that time the other parties recognized
Davies as the owner of the Quinton share, and he con-
tributed from time to time his *pro rata* share of the
taxes levied against the property, and also his share
of the interest accruing upon the unpaid purchase-
money which was secured by the Swift mortgage.
Quinton purchased the share of Freeman and was
thereby continued as a party in the venture. After

Davies purchased an interest in the enterprise a sale of the lots was made for $24,000, and a cash payment of $3000 was then made, but the purchaser failing to pay the balance of the purchase-price his rights under the contract were forfeited. The cash payment of $3000 was received by Swift and Holliday, who acted for all the parties in collecting and disbursing the funds in connection with this enterprise, and after paying certain expenses the balance of the $3000 was divided among the parties, and Davies accepted and appropriated his share of that fund. An offer of $18,-000 for the lots was made, but this offer the parties interested refused.

" The parties continued to pay the taxes and other expenses incidental to the enterprise up to and including the year 1892, but afterward default was made in the payment of the interest and purchase-money, and an action of foreclosure was begun against W. E. Swift and wife. On motion of Swift, his associates, Holliday, Bowman, Quinton, and Davies, were brought in as defendants, Swift alleging that they were all partners in the enterprise, and that each was liable as a partner for the unpaid purchase-money for which the action was brought. Personal service was obtained on Holliday and Quinton, and a judgment against them for the full amount of the purchase-money was rendered, but Davies and Bowman, being non-residents, were only served by publication, and hence no personal judgment was rendered against either of them. Under the foreclosure this property was sold for $2000 and credited upon the judgment rendered in that case, and in September, 1895, Swift and Holliday paid to the plaintiff the sum of $5000, and were thereby released from any further liability on the judgment rendered in that case. It does not appear that the parties interested in the original purchase of the lots in question ever at any other time purchased or held any other property than these lots. Upon the facts the trial court held that the enterprise did not constitute a partnership, that the parties in interest owned the lots as tenants in common, and that there was no liability on the defendant Davies."

*A. Bergen, J. D. McFarland,* and *Allen & Allen,* for plaintiff in error.

*Troutman & Stone,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. :   In the former decision of this case it was held that Davies was liable to the executor of Skillman as a partner.   The opinion concludes :

" The judgment of the district court will therefore be reversed, and the cause remanded with direction to enter judgment against defendant (Davies) for the amount of the indebtedness remaining unpaid." (*Jones v. Davies,* 60 Kan. 309, 56 Pac. 484.)

The mandate sent to the district court conformed to this language.   No direction was given as to what the amount of the judgment should be.   This was left to the determination of the trial court under the findings and pleadings in the case.

After the mandate of this court had been sent down, containing the direction above stated, the defendant below (Davies) filed an application in the district court for leave to file a supplemental answer alleging facts material to the case occurring after the trial in the district court.   These facts were that on the 30th day of March, 1898, the judgment against Davies in the court below was satisfied in this way : On that date there was filed in the office of the clerk of the district court a satisfaction of the judgment as to A. B. Quinton, one of the defendants, executed by W. Martin Jones, executor and judgment creditor, which satisfaction, in legal effect, fully discharged the entire liability of Davies under the judgment, one-half of the same having theretofore been satisfied by the release of Swift and Holliday.   The court below refused to permit the supplemental answer containing this

claim of satisfaction to be filed, and entered judgment against Davies for the sum of $12,940.

We think the court below erred in two respects. It was proper to permit the filing of the supplemental answer containing the Quinton release, under section 144, chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4394), which reads :

"Either party may be allowed, on notice and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

The release of Quinton appeared upon its face to be a written instrument, *prima facie* valid. If so, it had the effect to discharge that proportion of the judgment debt which he owed. Section 5, chapter 114, General Statutes of 1897 (Gen. Stat. 1899, § 1144), reads :

"Any person jointly or severally liable with others for the payment of any debt or demand may be released from such liability by the creditor, and such release shall not discharge the other debtors or obligors beyond the proper proportion of the debt or demand for which the person released was liable."

It was important, therefore, to Davies that this discharge of Quinton, which was made after the former decision of the case in this court, should be given effect. If valid, Davies was released thereby to the extent of that proportion of the whole debt for which Quinton was liable, as between the latter and his associates. We do not agree with counsel, however, in the contention that this release discharged the whole liability of Davies. The fact that judgment on personal service was obtained in the foreclosure case against Swift and Holliday and Quinton only could not have the effect of confining the liability for the entire debt to the persons against whom personal

Davies v. Jones.

judgment was rendered. The fact of Quinton's release did not exist until after the decision and reversal of the case in this court, and could not be sooner pleaded as a defense. (*McDonald v. Swisher*, 60 Kan. 610, 57 Pac. 507.) The court below should have permitted the supplemental answer to be filed, in order that the truth of its allegations might be tried in the regular way.

. Again, we think the court erred in rendering judgment against Davies for an excessive amount. W. E. Swift and F. E. Holliday each owned a one-fourth interest in the real estate, and together, as between themselves and their copartners in the transaction, were liable for one-half the whole debt. They discharged their liability to the plaintiff in the judgment for $5000. In the judgment against him, Davies is given credit for this amount only. Their just proportion was considerably more, and for this proportion Davies was entitled to credit, under the statute above set out. There was nothing in the direction from. this court to the trial court preventing the latter from giving effect to the statutory provision in determining the amount for which Davies was liable. On the first trial below the plaintiff in error obtained a judgment in his favor, to the effect that he was not liable at all. In reversing the case the direction to enter judgment against Davies in favor of Skillman's executor contemplated nothing more than a judgment for an amount justly due from him after crediting the amount for which Swift and Holliday were liable, viz., one-half the original judgment.

With respect to the taxes paid by the defendant in error out of the amount received from Swift and Holliday, Davies cannot complain, if Swift was liable for

the payment of them under the mortgage.  In *Jones v. Davies*, supra, it was said :

" The transaction was an entirety, and he (Davies) could not acquire an interest in the property and in the partnership transaction without sharing in the obligation which formed a part of the contract."

As to interest, the same may be said.  He is chargeable with the rate that defendant in error might have collected from Swift in accordance with the terms of the original notes and mortgage.

Referring back to that section of the statute on which our conclusions are based, it was a rule of the common law that a release of one partner from a partnership debt discharged all the others.  (*Slater, ex parte*, 6 Ves. 146 ; *Tuckerman & Al. v. Newhall*, 17 Mass. 580.)   The statute modifies this harsh rule, and a release of one partner operates now as a discharge of the debt to an amount for which he agreed to be accountable in his partnership arrangements with his associates in the firm.  (*Lord v. Anderson*, 16 Kan. 185.)

The judgment of the district court will be reversed, with directions to permit the plaintiff in error to file the supplemental answer, and to proceed further in accordance with this opinion.