F. S. SMITH v. W. W. WHITE *et al.*

No. 14,588.    (85 Pac. 588.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Joint Makers—Release of One—Effect.* The release by the holder of a promissory note of one or more joint makers does not operate to discharge other joint makers, except as to the full proportional amount which would be payable by those released.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed May 12, 1906. Reversed.

*W. W. Schwinn*, for plaintiff in error.

*Ready & Ready*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff's cause of action was based on a promissory note, signed by eleven persons, which contained a statement that "this note is subject to a contract." The contract referred to was a guaranty of a stallion, for the purchase-price of which the note was given. The guaranty was pleaded, and full performance alleged. Wallace W. Wicks, one of the signers of the note, pleaded a written agreement between himself and the payee of the note, dated two days after the note, by which the payee agreed that if Wicks desired at any time to be released from the note, and should so notify the payee within eleven months therefrom, that the latter would release the former; that he had expressed such desire within the time, and was entitled to a discharge. This agreement was admitted by the plaintiff, and the action dismissed as to Wicks.

The answer of the other defendants was construed to contain two defenses: First, that the note had been altered after its delivery; and second, that the sale of the horse and the signatures of the defendants to the note had been obtained by the owner of the horse and

payee of the note by falsely and fraudulently stating to them that Wallace W. Wicks would become a joint purchaser of the stallion, and would be one of eleven persons to sign a note for the purchase-price thereof, that all of such representations and statements were false, and that they had relied upon them, by reason whereof they were induced to sign the note. Plaintiff's reply denied these statements.

In plaintiff's opening statement he admitted having made the written agreement with Wicks, but denied that it was made prior to its date, which was two days after the date of the note. The cause was submitted to the court upon plaintiff's petition and his oral opening statement. Upon these the court rendered judgment for the defendants.

All facts pleaded as defenses were denied, and there was no evidence offered to sustain any of them. The only fact admitted by the plaintiff was that he had entered into the written agreement to release Wicks, and it must have been concluded by the court that the voluntary release of one maker of a promissory note by the payee will, in law, operate as a release of all makers. The written agreement of release states that it was for a consideration, and if it did not the law would imply a consideration therefor. The plaintiff was only asking judgment against the defendants for the amount due on the note, after deducting the proportion Wicks would have been required to pay. Section 1194 of the General Statutes of 1901 reads:

"Any person jointly or severally liable with others for the payment of any debt or demand may be released from such liability by the creditor, and such release shall not discharge the other debtors or obligors beyond the proper proportion of the debt or demand for which the person released was liable."

Under this statute one joint maker of a promissory note may purchase his release, at any time, for any consideration that the payee is willing to accept, or the payee may voluntarily acquit him of liability without

*In re* Burnette.

consideration.   In either event the remaining makers would not thereby be also released.   They could not be held for the proportion owing by the maker thus released.   The court could not have found the facts in favor of the defendants without evidence, and they were not entitled to a judgment because the payee of the note had released one of the makers.

The judgment is reversed, and the cause remanded.

All the Justices concurring.