No. 29,485.

CHARLES A. SMITH, *Appellee*, v. DON HENRY, *Appellant*.

(298 Pac. 760.)

Opinion filed May 9, 1931.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamieson* and *Getto McDonald,* all of Wichita, for the appellant.

*L. P. Brooks* and *James B. Nash,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for an accounting to determine the sum due plaintiff for salary, and for judgment for the amount found due. Defendants were partners. After the action was brought the plaintiff settled with one of the defendants and dismissed the case as to him. Plaintiff recovered against the other defendant and he has appealed.

Harry M. Washington and Don A. Henry, partners as Washington, Henry & Co., were engaged in the business of tax accountants, with offices at Kansas City, Mo., and at Topeka and Wichita, Kan. Sometime in the fall of 1919 they employed plaintiff, who was an expert accountant, and agreed to pay him a salary of $4,000 per year, and in addition thereto an undivided one-sixth of the net profits of the partnership business. Sometime within the year 1920 defendants opened an additional office at Hutchinson, Kan. While the business from all the offices was handled somewhat as a unit

throughout 1920, Washington had the more direct charge of the offices at Wichita and Hutchinson, while Henry gave his special attention to those at Topeka and Kansas City. Plaintiff worked mostly at the Wichita office, but also worked from any of the offices as his services were needed. His salary, including the one-sixth of the net profits, was paid for the year 1920 except as to one item. This was a fee received by the partnership of $12,750 on December 31, 1920. About January 1, 1921, plaintiff was advised by defendants that an additional accountant would have to be employed, particularly for the Kansas City and Topeka offices, and that thereafter plaintiff would not receive one-sixth of the profits of those offices. Defendants also talked, about that time, of dissolving their partnership, but the dissolution was not actually agreed upon or made until November or December, 1921, at which time they did dissolve partnership and agreed between themselves that the dissolution should take effect as of the first of January, 1921. At the time of the dissolution of the partnership between defendants, Washington took the business of the Wichita and Hutchinson offices and Henry that of the Topeka and Kansas City offices. Plaintiff was not satisfied with the share of the profits upon which his salary, in addition to the $4,000, was based for the year 1921, and in September, 1922, he brought this action. In his petition he sought an accounting of the net profits of all of the offices for the year 1921. At a hearing as to the scope of the accounting soon after the action was brought the court held plaintiff was entitled to an accounting with respect to the $12,750 fee above mentioned and with respect to the business of the Wichita and Hutchinson offices for the year 1921, but that he was not entitled to an accounting of the income of the Kansas City and the Topeka offices for that year. From this ruling the plaintiff did not appeal. The action appears to have remained dormant for several years, but in 1928 it proceeded to trial for an accounting, as previously ordered. At that time plaintiff, in open court, dismissed the action as to defendant Harry M. Washington. Evidence was taken on the accounting between the plaintiff and defendant Don A. Henry. The court found defendant Henry was indebted to plaintiff for one-sixth of the $12,750 fee heretofore mentioned, and also was indebted to him for the additional sum of $3,010.79, which, with interest on both items to the day of judgment, amounted to $7,515.94, and rendered judgment accordingly.

Appellant contends that plaintiff, having settled with one of the

defendants, Washington, for a claim against the partnership, such settlement inures to his benefit, and that plaintiff therefore could not recover. There is not much trouble about the rules of law applicable to this question. It is well settled, of course, that partners are agents of each other for the transaction of partnership business. Each of the partners has authority to transact partnership business, and where one who has a claim against the partnership settles that claim in full he cannot thereafter maintain an action either against the firm or the partner with whom he did not negotiate the settlement. Our statute (R. S. 56-201) provides that whenever a partnership is dissolved one of the partners may settle with any or all of the creditors of the partnership, and such settlement "shall be a full and effectual discharge to the debtor or debtors making the same, and to them only," of his liability to the creditor with whom the same is made. This statute has been applied in *City of Topeka v. Brooks*, 99 Kan. 643, 647, 164 Pac. 285, and cases there cited. The real question in this case is whether plaintiff, in making a settlement with Washington, was settling his claim against the partnership, or was simply making a compromise with Washington which relieved him of liability to plaintiff, with the intention and purpose of pursuing his claim against the other partner. While the trial court was not asked to make a specific finding on this question, and did not do so, its judgment can be supported only upon the theory that the settlement made with Washington was as to his liability only, the plaintiff reserving to himself the right to proceed against Henry for the balance of his claim. Appellant contends that the evidence does not support such a finding and a judgment based thereon. On this point the question presented to this court is whether there is evidence to sustain the finding and judgment of the court.

Plaintiff's settlement with Washington was made in the fall of 1922, after this action was brought and more than a year after Washington and Henry had dissolved their partnership. With respect to it Washington testified:

"In my settlement with Mr. Smith I settled only my personal liability with reference to his claim for profits in the four offices. . . . He mentioned time and again that he felt he had a claim against Henry and he expected to call me as a witness. I wanted to remain neutral. I had a settlement to make myself. I made a settlement."

Plaintiff testified:

"In September, 1922, at the time this case was commenced, I had not settled

with Harry Washington. Later I settled with him. I was paid, I think,
$7,000. You see, I had advances on the books charged to my account, that
was about $4,000, and in addition to that I was paid in money the sum of
$3,010, and that settled my account with Washington. I don't believe I
made a written release. . . . One of the considerations of the settlement
was his promise to testify in this lawsuit against Don Henry regarding the
terms of the employment. . . . Henry has never made settlement with me
for any of the profits of the business for the year 1921. . . . In my settle-
ment with Harry Washington, I just agreed to release him from any liability.
. . . I was releasing Harry Washington from any liability on his part that
the partnership owed me, from all the offices. . . . I agreed to dismiss him
from all liability, and the suit was to stand against both of the parties, but I
told him I would not attempt to get any judgment against him personally.
. . . I did not settle with Mr. Washington on the basis that I was paid a
certain percentage of various accounts when the collections had been made.
. . . Exhibit '32' is a record taken from the books of Washington, Henry
& Company showing the financial condition of December 31, 1921, and the
profit made during the year 1921 from the Wichita and Hutchinson offices, and
also a statement showing the settlement I made with Mr. Washington, regard-
ing his liability to me. . . . I used it as a basis for my settlement with
Harry Washington. . . . I made a compromise with Harry Washington
with regard to his liability. . . . At that time he had my note for $2,000,
and the company owed me under salary and commission $2,100, and we offset
the whole thing. . . . The only claim I had against Harry Washington
was with reference to my services for the year 1921. At that time . . . I
owed him personally and Washington-Henry Company owed me, and that
offset. . . . I had already filed suit against Washington-Henry & Company.
. . . I told him this suit had been filed, and I would personally release him
if he would assist me in the suit and testify in my behalf, which he agreed to
do, therefore I compromised the claim with him individually regarding his
liability in the matter at quite a discount."

From this evidence it is reasonably clear that plaintiff's settlement
with Washington was with the intention, on the part of both of
them, to relieve Washington from further liability to plaintiff, but
that there was no intention to relieve Henry from liability; at
least there is substantial evidence to support a finding and judgment
of the court predicated on that view.

Naturally, if one has a claim against a partnership, and after its
dissolution he settles with one of the partners in such a way as to
relieve the one settled with from further liability, but with the inten-
tion of pursuing his claim against other partners not settled with, the
amount received by the creditor from the partner with whom he
settled should be taken into account in rendering judgment against
the partners not settled with. But it is not contended by appellant

that the amount received by plaintiff from Washington was not taken into account in the judgment rendered in this cause; hence we shall give that thought no further attention.

Appellant's second contention is that the court should not have rendered judgment in favor of plaintiff for a portion of the $12,750 fee above mentioned. It is argued that the computation to determine the portion of plaintiff's salary based on net profits was to be upon the profits as shown by the books for the calendar year. The evidence discloses that while this fee was received by the partners on December 31, 1920, it was not entered on the books of the partnership as having been received until January 2, 1921. That being business which related to the Kansas City office, and the court having found plaintiff was not entitled to an accounting of the profits of the Kansas City office for the year 1921, appellant contends this item should not have been taken into account. There is evidence, however, that this profit was not to be computed on the basis of what the books showed for the calendar year. But we need not worry with that feature of it. There is evidence that this money would have been paid early in December, but the defendant, Henry, asked the party not to pay it until the last of the month. There is further evidence that when it was received plaintiff spoke about it being taken into account in determining the amount of his salary, but both defendants told him they preferred to enter it on the books as of January 2, and the fact they did so would not affect his right to receive the one-sixth in settlement. In view of this evidence it seems clear the court properly took that item into account.

Appellant complains of a question of practice. It seems that the books of Washington, Henry & Company, showing the business transacted at the Wichita and Hutchinson offices for the year 1921, were in Wichita as late as December, 1921, and that sometime later they were moved to defendant's office at Kansas City. While they were at Wichita plaintiff made up a detailed statement from the books showing income, disbursements and profits. After the books had been removed from Wichita, and before the trial of this case, plaintiff asked for the books, and on his motion the court made an order that defendant deposit with the clerk of the court the books, records, papers, correspondence, files, accounts and statements showing the business, including the income and expenses of the partnership for the year 1921 from the offices at Wichita and Hutchinson, and that plaintiff have the right of inspection of the books and

files so deposited. Defendant did not comply with this order, and made an affidavit that the books and records were not in his possession. The court found that the books and records were, or had last been, in the possession of defendant, and on his failure to produce them permitted the introduction in evidence of the statements which had been compiled from them by the plaintiff while the books were still at Wichita. Appellant complains of this. We see nothing erroneous in the ruling. The basis for the complaint is that defandant did not, at the time the court made the order, have such books and records; but there appears to have been no explanation of what became of them. More than that, it is not contended by appellant that the statement made by plaintiff from the books and used in evidence was in any respect inaccurate.

The record discloses no error in the case, and the judgment of the court below is affirmed.