No. 45,951

Misco Leasing, Inc., formerly Intercontinental Leasing, Inc., *Appellant*, v. David W. Bush, *Appellee*, and Charles E. Cunningham, *Defendant*.

(490 P. 2d 367)

Opinion filed November 6, 1971.

*Richard W. Stavely*, of Wichita, argued the cause and was on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

Owsley, J.: This is an action to recover the balance of rentals on a written lease of business equipment after default in payments, repossession sale of the equipment, and application of the sale proceeds to the gross rentals.

The case was tried to a jury which returned a verdict of $3,000 in favor of the plaintiff, Misco Leasing, against the defendant, David W. Bush, and plaintiff appeals. We do not have the benefit of a brief on behalf of the appellee, David W. Bush.

The principal question to be resolved is whether the release of one of two partners discharges the whole of an obligation by 50 percent or by the amount of actual consideration paid for the release.

The following statement of facts is necessary to determine the issues on appeal:

Charles E. Cunningham and David W. Bush entered into a written equipment lease with Misco Leasing for the use of certain business equipment. The gross rentals reserved in the lease were $28,294.80. The last payment of rentals on the equipment was July 8, 1965. The equipment was repossessed in October 1965 and various efforts were made to sell the equipment, but it was not sold until 1968 for the sum of $1,300.

This suit was filed against Cunningham and Bush, and subsequently Cunningham negotiated a separate settlement with Misco for the sum of $1,250. The journal entry of dismissal provided that Misco's right to proceed against Bush be reserved, that the claim against David W. Bush should not be affected by dismissal, that plaintiff should be allowed to proceed with its claim against Bush, and that plaintiff's claim against Bush was not affected by the dismissal.

The lease agreement provided that if more than one lessee was named in the lease the liability of each was joint and several.

Bush claimed that he had a 50-50 partnership with Cunningham and that release of Cunningham discharged Bush of one-half of all the balance of rentals claimed by Misco, and the court in accordance therewith instructed the jury as follows:

"You are instructed that in this case the defendant and the former co-partner, Cunningham, were jointly liable to the plaintiff for any damages arising out of their default in the performance under the lease contract. You are further instructed that the release by the plaintiff of the defendant Cunningham, reduced the defendant Bush's liability to plaintiff for any damages by an amount proportionate to Cunningham's share of the liability. You are, therefore, instructed that plaintiff's release of the defendant Cunningham reduces any liability of the defendant Bush to the plaintiff arising out of the lease contract by 50 per cent."

Bush further defended on the ground that Misco could have realized as much as $11,520 from sale of the equipment and he should be given credit for that amount.

The issue of interest was reserved by agreement to the post trial motions. The court allowed interest on the amount found due by the jury only from the date of the entry of the judgment on the verdict. The plaintiff, Misco, presents two issues to the court on appeal; namely:

1. Was it error to reduce plaintiff's claim by one-half because

of the separate settlement with a jointly and severally liable co-obligor where the order of dismissal reserves all rights against the remaining defendant?

2. Was it error to refuse to allow interest on the verdict from the date of default in the payment of rentals?

A decision on the first error claimed by Misco also determines whether Instruction No. 7 was a correct statement of the law.

Misco argues that the separate settlement and the release of Cunningham reduces the claim of Misco against Bush only by the amount of consideration paid by Cunningham to Misco.

In support of its contention, Misco directs our attention to the rule stated in *Smith v. Henry*, 133 Kan. 22, 298 Pac. 760:

"Naturally, if one has a claim against a partnership, and after its dissolution he settles with one of the partners in such a way as to relieve the one settled with from further liability, but with the intention of pursuing his claim against other partners not settled with, the amount received by the creditor from the partner with whom he settled should be taken into account in rendering judgment against the partners not settled with." (p. 25.)

Similar statements of the law are found in *Whittenhall v. Korber*, 12 Kan. 618; *Edens v. Fletcher*, 79 Kan. 139, 98 Pac. 784; *City of Topeka v. Brooks*, 99 Kan. 643, 164 Pac. 285; *Jukes v. North American Van Lines, Inc.*, 181 Kan. 12, 309 P. 2d 692; *Howard v. Yost*, 6 Kan. App. 374, 50 Pac. 1098.

We conclude that the rules stated in these cases should be followed, that they constitute the weight of authority and are in accord with the statutes of this state; that they are sound and logical in legal reasoning; that the court erred in giving Instruction No. 7; and that a new trial should be granted.

We have examined *Davies v. Jones*, 61 Kan. 602, 60 Pac. 314, and *Smith v. White*, 73 Kan. 607, 85 Pac. 588, which can be construed as contrary to the rule approved herein and find that they should be and are hereby overruled to the extent they support a rule of law different from that announced in *Smith v. Henry*, supra. It is apparent that the trial court used as a basis for Instruction No. 7, provisions of K. S. A. 16-105 which reads as follows:

"Any person jointly or severally liable with others for the payment of any debt or demand may be released from such liability by the creditor, and such release shall not discharge the other debtors or obligors beyond the proper proportion of the debt or demand for which the person released was liable."

In fairness to the parties and to the trial court, we should judicially declare the effect of this statute. The lease created a joint and

several liability on Cunningham and Bush. The theory of joint and several liability is that it is the obligation of all jointly and the obligation of each separately. K. S. A. 16-105 cannot apply when each of the parties are liable for the whole of the indebtedness.

We are also controlled by the provisions of K. S. A. 56-203 which states:

"Such composition or compromise with any individual member of a firm shall not be so construed as to discharge the other copartners, nor shall it impair the right of the creditor to proceed at law or in equity against the members of such copartnership firm as have not been discharged; . . . nor shall such compromise or discharge of an individual of a firm prevent the other members of such firm from availing themselves of any defense at law or equity . . . except that they shall not set up the discharge of one individual as a discharge of the other copartners unless it shall appear that all were intended to be discharged."

A decision on the second issue raised by Misco as to interest is not necessary in view of the granting of a new trial, but as a guide to the court on retrial we will decide this issue.

We conclude that the interest question has been judicially determined in this state by our recent decision in *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.,* 203 Kan. 591, 455 P. 2d 555. We stated in that case:

"When a plaintiff sues for a liquidated sum and the defendant establishes an offsetting claim arising out of the same contract or transaction, the offset is to be credited against the liquidated claim as of the due date of the original debt and the balance bears interest from that due date." (Syl. ¶ 4.)

We conclude that an "offsetting claim" referred to in the cited case includes the defense of mitigation of damages. Further clarifying, we find that the defense of mitigation of damages does not have the effect of changing an otherwise liquidated claim into an unliquidated claim.

The judgment of the lower court is reversed and plaintiff is granted a new trial in accordance with the views herein expressed.