## MURJAHN v. HALL.

### (Circuit Court, S. D. New York. October 1, 1902.)

1. PATENTS—PROCUREMENT IN FRAUD OF INVENTOR—RIGHT TO EQUITABLE RELIEF.

Complainant alleged in his bill that he was the inventor of a new kind of water paint, which he made and sold in large quantities; that he was induced to disclose the invention to defendant on the promise of the latter that he would keep it secret and would purchase large quantities of the paint from complainant for his own use; that in violation of such agreement and without complainant's knowledge defendant obtained a patent for the paint composition as his own invention, from which he has derived large profits, and which he has used to the injury of complainant's business; and that he threatens to sue complainant's customers for infringement. Held, that such bill stated a cause of action against defendant for an accounting and an injunction, and for an adjudication of the invalidity of the patent.

In Equity. On demurrer to bill.

MacFarland, Taylor & Costello and Benno Loewy, for complainant.
Hillary C. Messimer, and John R. Bennett, for defendant.

TOWNSEND, Circuit Judge. The complaint alleges that complainant invented a new water paint, and manufactured and sold large quantities; that defendant claimed to the complainant that he had constant use for such a water paint, and bought and used enough to demonstrate its utility and value; that complainant, at defendant's request, disclosed to defendant the ingredients and mode of manufacture of said paint; that defendant, without the knowledge of the com-

plainant, afterwards obtained letters patent No. 567,592 for said paint composition; that defendant, to induce complainant to disclose to him the invention of said paint, represented that complainant should not be deprived of the benefit of the invention, but that defendant would be a large purchaser of the paint, and that he would not disclose the invention to others; that since the issue of said letters patent defendant has made no purchases of said paint from the complainant, and has recently threatened to bring suit against other customers for infringement of letters patent, if they should make, use, or sell such paint without the license of defendant; that the defendant has derived large profits from said letters patent, and has made and sold large quantities of said paint, and sold licenses under said letters patent,— and prays for a discovery, and that the defendant be decreed to be a trustee for the complainant of said letters patent, and to transfer the legal title thereof to the complainant, and to account for and pay over to complainant all consideration received from the sale of licenses and of the paint. Defendant demurred, and, after the argument and filing of briefs, complainant filed a further brief, in which he insists that, if he is not entitled to the relief prayed for, he is entitled to relief under the general prayer, and applies for leave to amend by adding four more prayers for specific relief, namely:

"(6) That defendant be decreed to account for and pay over to your orator all moneys and valuable considerations received by said defendant from the use by him of said invention, or from the sale by him of specimens of paint embodying the said invention, disclosed to him by your orator, together, also, with all moneys and valuable considerations received by said defendant from sales of licenses or permissions to others to make, use, or sell the same under said letters patent so fraudulently obtained by him. (7) That defendant be enjoined pendente lite from granting territorial or other rights, exclusive or nonexclusive, thereunder, to others, or otherwise employing the same to the prejudice of your orator's interests in the said invention, and that on the final hearing of this cause said defendant be so enjoined during the remainder of the term of said letters patent. (8) That the defendant be enjoined, restrained, and forbidden from representing himself as being the first or original inventor of the invention hereinbefore and in United States letters patent No. 567,592, dated September 15, 1896, described, and that he be enjoined, restrained, and forbidden from practicing said invention, or granting licenses authorizing others to practice said invention, and from making, vending, or selling, or authorizing others to make, vend, or sell, the same, and from interfering with the practicing of said invention, and the manufacture and sale of said invention, by this complainant, his customers, or licensees. (9) That it be adjudged and decreed that William A. Hall, the defendant herein, is not the first and original inventor of the invention described in United States patent No. 567,592, dated September 15, 1896, but that Edward Murjahn is such first and original inventor, and that said letters patent were obtained by fraud practiced by the defendant, William A. Hall, upon the United States patent office and upon the commissioner of patents of the United States, and are absolutely null, void, and of no effect, and that he be perpetually, and pending the final determination of this suit, enjoined, restrained, and forbidden from claiming any right, title, or interest in or to the invention described in said letters patent, or under said letters patent."

The defendant relies upon Kennedy v. Hazelton, 126 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576. The facts in that case are as follows:

"The defendant agreed in writing to assign to the plaintiff any patents that he might obtain for improvements in steam boilers. He did invent

such an improvement, and, with intent to evade his agreement and to defraud the plaintiff, procured a patent for this invention to be obtained upon the application under oath of a third person as the inventor, and to be issued to him as the assignee of that person, and has made profits by manufacturing and selling boilers embodying the improvement so patented. The plaintiff seeks by bill in equity to compel the defendant to assign the patent to him, and to account for the profits received under it."

The court held:

"As the patent, upon the plaintiff's own showing, conferred no title or right upon the defendant, a court of equity will not order him to assign it to the plaintiff, not only because that would be to decree a conveyance of property in which the defendant has, and can confer, no title, but also because its only possible value or use to the plaintiff would be to enable him to impose upon the public by asserting rights under a void patent."

The complainant in Kennedy v. Hazelton did not claim to have made the invention in question. Upon the facts submitted on demurrer in the case at bar, complainant had made an invention which he might legally keep secret, and thus secure the benefits to himself. Defendant obtained its disclosure by the representation that such disclosure would not deprive the complainant of the benefit of the invention, and that defendant would not disclose it to others, and would be a large purchaser of the paint; and, having learned it, he proceeded to use it to complainant's disadvantage and make large profits thereby. Upon those facts complainant should be entitled to an accounting and an injunction.

Defendant insists that the validity of the patent can be determined in only three ways; i. e.: (1) An infringement suit, in which the validity of the patent is a defense; (2) a suit between rival patents under section 4918 of the Revised Statutes [U. S. Comp. St. 1901, p. 3394]; and (3) a suit by the government, brought to annul the patent on the ground that it was procured by fraud. No suggestion of any such rule is made a ground of decision in Kennedy v. Hazelton, supra, and the case of Ambler v. Whipple, 20 Wall. 546, 22 L. Ed. 403, in so far as it is not overruled in Kennedy v. Hazelton, seems to support defendant's position. No authority is cited by either party on this point.

The amendment is allowed, and the demurrer is overruled, on the ground that the allegations are sufficient to justify the sixth, seventh, eighth, and ninth prayers for relief. The question of injunction pendente lite will not be decided upon demurrer. No costs to either party.