**WILLIAMS v. WALNUT PARK PLAZA, Inc.**

No. 5745.

District Court, E. D. Pennsylvania.
Aug. 26, 1946.

Sundheim, Folz, Kamsler & Goodis, by I. I. Jamison, all of Philadelphia, Pa., for plaintiff.

Francis W. Sullivan, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This action was brought under the provisions of Section 3 of the Army Reserve and Retired Personnel Service Law of 1940,[1] as amended, by a veteran who had been retired from active service in the United States Navy to require the defendant (1) to restore him to his former position of employment which he had prior to his entry into the service, and (2) to compensate him for his loss of salary, commissions and the monetary value of the lodging due to its failure to reemploy him.

Jurisdiction is vested in this court by virtue of Section 3(d) of the Law.

The complaint alleged that on June 14, 1940, the parties entered into a written agreement by the terms of which the defendant employed complainant as manager of its apartment hotel, Walnut Park Plaza, for a period of five years, beginning July 1, 1940, and for a fixed salary plus a percentage of the yearly proceeds over a certain amount; that on March 21, 1944, nine months prior to the expiration of the contract, complainant left defendant's employ to accept a commission in the United States Navy, and entered upon active duty on March 24, 1944; that the complainant continued in active duty until March 20, 1946, when he completed his period of active service and received a Certificate of Satisfactory Service; that the complainant is still qualified to perform the duties as manager of defendant's hotel; that he has made application for reemployment within ninety days of his being released from active duty in the United States Navy and that the defendant refuses to reemploy him.

Without filing an answer, the defendant moved for judgment on the following grounds: (1) The complaint does not set forth a cause of action for the reason that the written contract between the parties provided for a specific period of employment, to wit, a term of five years from July 1, 1940 and that on July 1, 1945, the said contract expired; (2) there was no employer-employee relationship existing between the parties except under the terms of the agreement. Apparently this motion was filed under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "After the pleadings are closed but within such time as not to delay the trial, any party·may move for judgment on the pleadings." It would seem to us, in view of Rule.7(a) of the Federal Rules, that the pleadings are not closed until at least an answer has been filed. See Edelman v. MacLocker, D.C.E.D.Pa., 6 F.R.D. 272,

---

[1] Act of August 27, 1940, c. 689, § 3, 54 Stat. 859, 50 U.S.C.A.Appendix, § 403. This Act, as far as the veteran's reemployment rights and compensation for loss of wages are concerned, is identical to Section 8 of the Selective Training and Service Act of 1940, as amended, Act of September 16, 1940, c. 720, § 8, 54 Stat. 890, 50 U.S.C.A.Appendix, § 308.

by Judge Bard; Moore, Federal Practice (1938), Sec. 12.05 Supplement, p. 268. Since no answer has been filed, we could treat the motion as either a motion for summary judgment or to dismiss the complaint or both. However, since the procedure for summary judgment in Rule° 56 (c) was not followed, we shall treat the motion as a motion to dismiss the complaint. Liquid Carbonic Corporation v. Goodyear Tire & Rubber Co., N.D.Ohio, 38 F.Supp. 520. For the purpose of this motion, all facts well pleaded in the complaint must be presumed to be true.

■ To begin with, we must determine the present legal effect of the contract entered into between the parties. What would be the effect of such a contract had the complainant been drafted into the armed forces of the United States, we need not decide. The complainant's leaving the services of the defendant to accept a commission in the United States Navy had the same effect on the contract as would an enlistment by him in the military services. By accepting the commission, the complainant voluntarily surrendered his rights under the contract. "Insofar as the contract itself is concerned, it has terminated either through the action of the parties or by its own time limitation." Dacey v. Trust Funds, Inc., D.C.Mass., 66 F.Supp. 321, 322, decided June 20, 1946, by Judge Sweeney. Therefore any relief claimed by the complainant under the contract must be denied. The contract would only be relevant in this case to establish the status of the complainant with respect to the defendant prior to his acceptance of the commission in the United States Navy.

■ However, it was said in Kay v. General Cable Corporation, 3 Cir., 144 F. 2d 653, at page 654: "The status which the Statute protects is 'a position * * * in the employ of' an employer—an expression evidently chosen with care. The word 'employee' was not used. While it may be assumed that the expression which was adopted is roughly synonymous with 'employee,' it unmistakably includes employees in superior positions and those whose services involve special skills, as well as ordinary laborers and mechanics. Of course,

the words are not applicable to independent contractors, but, except for casual or temporary workers, who are expressly excluded, they cover almost every other kind of relationship in which one person renders regular and continuing service to another." Therefore the termination of the contract in the above manner in no wise affects the complainant's right to reemployment under the Army Reserve and Retired Personnel Service Law if the requirements or conditions precedent therein are met. It becomes apparent when we bring the facts as alleged in the complaint into correspondence with the requirements of the Law, that all the requirements therein are met except two: One, the complaint does not allege that the employer's circumstances have not so changed as to make it impossible or unreasonable to restore the complainant to the same position or to a position of like seniority, status and pay. Two, the complaint does not allege that the position which the complainant left was one other than temporary.

■ It is not necessary for the complainant to make the allegations set forth in one. Such allegations should be set up by the defendant by way of defense. Surely, it would seem to us, that if such a change of circumstances has occurred, the defendant would certainly allege that fact in its answer. As to two, it appears that the issue raised therein has been resolved in the complainant's favor by the Dacey case, supra. The only difference in the facts in that case and those in this case is that at the time of the complainant's entry into the service, his five year contract with the defendant had one year and three months to run; whereas in this case, it had only nine months to run. The court held in that case that Section 308 of the Act fully covered the case and that the complainant must be returned to the same type of employment which he had prior to his enlistment into the military services. In our opinion, this holding is in keeping with the criteria for the interpretation of the Act as stated by Judge Kirkpatrick in Kay v. General Cable Corporation, supra: "The policy of the Act is stated in Sec. 1(b), 50 U.S.C.A.Appendix, § 301(b), to be that 'the obligation and privileges of

960

military training and service should be shared generally in accordance with a fair and just system * * *' though such declaration was hardly needed. Every consideration of fairness and justice makes it imperative that the Statute should be construed as liberally as possible so that military service should entail no greater setback in the private pursuit or career of the returning soldier than is unavoidable. The question here presented, therefore, is not to be solved by the application of abstract tests or formulae; but the factors which usually determine the nature of a disputed relationship must be considered in the light of the purpose which Congress intended to accomplish".

■ The defendant argues that this court must restrict its relief to that requested by the Statement of Claim. Rule 54(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: " * * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The fact that the complaint requested that the defendant be required to restore complainant to his former position is not a sufficient reason to dismiss the complaint. "But a statement of claim is not measured by the relief asked. If an adequate cause of action exists, the court may give the proper remedy regardless of the prayer of the complainant." Liquid Carbonic Corporation v. Goodyear Tire & Rubber Co., supra, 38 F.Supp. at page 525. See also Lockart v. Leeds, 195 U.S. 427, 436, 25 S.Ct. 76, 49 L.Ed. 263; Keiser v. Walsh, 73 App.D.C. 167, 118 F.2d 13; Gay v. E. H. Moore Inc., D.C.E.D.Okl., 26 F.Supp. 749, 751; Falk v. Levine, D.C.Mass., 60 F. Supp. 660, 663.

Section 3(d) of the Law provides that in case any private employer fails or refuses to comply with the provisions of the Law the district court of the United States shall have the power, as an incident to its power to specifically require the employer to comply with the provisions of the Law, to compensate the person entitled thereto for any loss of wages or benefits suffered by reason of the employer's unlawful action.

■ Although in his prayer for relief, the complainant asked that the defendant be required "to compensate him for his loss of salary, commissions and the monetary value of the lodging, all of which would have been paid and furnished but for defendant's unlawful failure to reemploy him," he has not alleged any facts to show that he has suffered a loss in wages and to what extent. Compensation does not follow as a matter of course upon the employer's failure or refusal to reemploy the veteran. The Law does not so provide. It may well be that in fact the complainant has not suffered any loss due to the defendant's failure to reemploy him. Of course we are not holding that the complainant is ot entitled to compensation, for his loss of wages may in fact be to the extent requested by him. All we do hold is that the complaint as it now stands does not set forth any facts, other than the defendant's refusal to reemploy him, upon which this court may award the complainant compensation. However, this omission does not in any wise affect the complainant's action for an order to have the defendant reemploy him. See Hall v. Union Light, Heat & Power Co., D.C.Ky., 53 F.Supp. 817.

Accordingly, since the complaint states a good cause of action by alleging facts which meet the requirements of the Army Reserve and Retired Law, the motion to dismiss the complaint is denied.