Brian V. KNIGHT, Plaintiff,

v.

STOREX SYSTEMS, INC., Rahnco Limited Bulk Stores Structures Limited, Sub–Con Industries, Ltd., Sub–Con Industries, U.S., Ltd., Sub–Con Engineering Corp., Storage Consultants, Ltd., Sub–Con Construction Corporation, Wellington Steel Industries, Ltd., Fred G. Rahn, Patrick Pomento, and Bruce Morette, Defendants.

No. 89–CV–170.

United States District Court, N.D. New York.

June 25, 1990.

Blitman & King, Syracuse, N.Y. (Alan R. Peterman, of counsel), Jarblum Solomon & Fornari, New York City (James D. Fornari, of counsel), for plaintiff.

Arnold White & Durkee, Arlington, Va. (Roger W. Parkhurst, of counsel), Hiscock & Barclay, Syracuse, N.Y. (Robert A. Barrer, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### Introduction

The plaintiff is the owner of a United States patent for certain design aspects of dome-shaped storage structures. The plaintiff has commenced suit against numerous corporate and individual defendants, alleging that they willfully infringed on his patent and contributed to its infringement by others, and that the defendant Storex Systems, Inc., has breached a licensing agreement for the use of plaintiff's patent. The defendants move for dismissal pursuant to Fed.R.Civ.P. 12(b), and urge in the alternative that the court treat the motion as one for summary judgment pursuant to Fed.R.Civ.P 56 as to a number of the defendants.

### Background

The plaintiff, Brian V. Knight, is the owner of U.S. Patent No. 4,285,174 ("Knight Patent" or "Patent 174"), which covers certain design aspects of large dome-shaped storage structures. On October 20, 1981, the plaintiff entered into a licensing agreement with defendant Storex Systems, Inc. ("Storex"), granting Storex the right to use the Knight Patent in exchange for the payment of royalties by Storex. By the terms of the agreement, Storex was prohibited from assigning or transferring its rights under the agreement without prior written consent of the plaintiff. The agreement also contained a provision which permitted Storex to grant a sublicense to defendant Bulk Store Structures, Ltd. ("Bulk Store"), now known as Bulk Store Structures, Inc., for the manufacture and sale of dome storage structures using the Knight Patent in Canada.

The plaintiff contends that Storex granted a sublicense without his written permission to defendant Sub–Con Industries, Ltd. ("Sub–Con Canada"), a Canadian corporation, to manufacture dome structures using the Knight Patent in Canada, in contravention of the licensing agreement. Plaintiff claims that Sub–Con Canada shipped five such domes to the United States in the years 1983 and 1984. The plaintiff also maintains that Bulk Store manufactured domes using the Knight Patent in St. Louis, Missouri; Saginaw, Michigan; and Syracuse, New York, in violation of the agreement. The building kits for these domes, plaintiff claims, were provided by defendant Sub–Con Industries U.S., Ltd. ("Sub–Con U.S."). Plaintiff further contends that, without benefit of any licensing agreement, defendants Sub–Con Engineering Corp. ("Sub–Con Engineering") and Sub–Con U.S. bid on and were awarded eight contracts to build domes using the Knight Patent for the Pennsylvania Department of Transportation in March 1985, August and September 1987, and August 1988. Plaintiff states in his memorandum of law in opposition to the motion to dismiss that defendants Fred Rahn and Patrick Pomento were the "active, driving

force behind these acts of infringement." Plaintiff's memorandum, p. 5. Plaintiff contends that Rahn controlled Sub–Con Canada, Sub–Con U.S., Sub–Con Engineering, Bulk Store, and Storex from 1987 to the present, in addition to forming Sub–Con Canada in 1979 and being its sole shareholder until at least March 1985. Pomento, plaintiff maintains, is an officer and minority shareholder of Storex, and controls the day-to-day manufacturing and marketing affairs of Storex. Plaintiff's memorandum, p. 5.

Plaintiff alleges that he terminated his licensing agreement with defendant Storex on December 10, 1981, but that Storex continued to manufacture dome structures under the Knight Patent. Plaintiff then commenced suit in New York State Supreme Court, County of Oneida, seeking rescission of the licensing agreement with Storex and of the sublicensing agreement between Storex and Bulk Store, and for damages for breach of the licensing agreement. Storex subsequently commenced suit in the same court, alleging that Knight breached the licensing agreement. Sub–Con U.S. filed a separate suit, seeking damages from Knight and others as a sublicensee of Storex. All of these actions were dismissed as the result of a settlement agreement entered into by the parties on July 8, 1987. The agreement states that the actions are dismissed with prejudice, "[e]xcept only with respect to Brian Knight's claims against Storex Systems, Inc. for royalties which claim is dismissed without prejudice."

Plaintiff later commenced the instant action in this court on February 14, 1989, alleging two causes of action. The first cause of action alleges patent infringement by all of the defendants. The second cause of action seeks the recovery of royalties from defendant Storex pursuant to the licensing agreement. Plaintiff claims that after the commencement of the action, defendants Rahnco Ltd. ("Rahnco"), Sub–Con Canada, and Sub–Con Engineering were "merged" into Sub–Con Industrial Group, Inc. ("Sub–Con Industrial"), which plaintiff maintains is a holding company for Bulk Store and Sub–Con U.S. Plaintiff's memo-

randum, p. 7. The defendants now move to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(1), (3), (4), (5) and (6), or in the alternative, pursuant to Fed.R.Civ.P. 56 as to the defendants in the "Sub–Con Group," namely Sub–Con Canada, Sub–Con U.S., Sub–Con Engineering, and Fred G. Rahn. The court heard oral argument on the motions on May 22, 1990.

*Discussion*

■■■ The standards for considering a motion to dismiss pursuant to Rule 12(b) are particularly important in this instance since the arguments advanced by the defendants in support of their motion to dismiss are largely based on factual disputes more suited to a motion for summary judgment under Fed.R.Civ.P. 56. A motion to dismiss is addressed only to the face of the complaint, and the court must construe the complaint's allegations in the light most favorable to the plaintiff and accept the well-pleaded factual allegations as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A Rule 12(b)(6) motion for failure to state a claim will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts supporting his legal claim which will entitle him to relief. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

The defendants contend in their memorandum of law in support of their motion to dismiss that the plaintiff's first cause of action for patent infringement should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Patent infringement is defined in 35 U.S.C. § 271, titled "Infringement of patent," which provides, in pertinent part:

   (a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the

term of the patent therefore, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

(d) No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: (1) derived revenue from acts which if performed by another without his consent would constitute contributory infringement of the patent; (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent; (3) sought to enforce his patent rights against infringement or contributory infringement; (4) refused to license or use any rights to the patent; or (5) conditioned the license of any rights to the patent or the sale of the patented product on the acquisition of a license to rights in another patent or purchase of a separate product, unless, in view of the circumstances, the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned.

35 U.S.C. § 271.

The defendants argue that none of the Sub–Con Group companies has ever made, used or sold in the United States, or imported into the United States, any structure covered by the Knight Patent, and deny committing any act of inducement or contributory infringement. Defendants' memorandum, p. 3. Defendants' also contest plaintiff's allegation that Bulk Store's license to manufacture was terminated. They contend that the plaintiff never "duly cancelled" the licensing agreement, and that it remains in full force and effect. Defendants' memorandum, p. 5. Moreover, the defendants argue, plaintiff's state court litigation seeking rescission of the licensing agreement with Storex and the sublicensing agreement between Storex and Bulk Store were dismissed by the parties *with prejudice*, and that settlement agreement now bars the current federal court litigation under the doctrine of *res judicata*. Plaintiff argues, on the other hand, that the language of the settlement agreement, reserving his right to sue Storex for past and future royalties, permits him to maintain a patent claim against Storex. Plaintiff also claims that when he signed the settlement agreement, he intended to preserve his right to sue Storex for patent infringement. Plaintiff's memorandum, p. 16. Defendants also contend that Rahn and Pomento individually committed no acts which infringed on the Knight Patent.

The preceding are all factual questions that should be addressed on a motion for summary judgment pursuant to Fed.R. Civ.P. 56, preferably after the parties have had the opportunity for discovery. In addition, the defendants urge in their reply memorandum that the court treat their motion to dismiss as one for summary judgment as to the defendants in the Sub–Con Group, since both the defendants and the plaintiff submitted material outside the pleading in support of and in opposition to the motion. If the motion were converted by the court to one for summary judgment, defendants argue that the plaintiff has failed to demonstrate that any member of the Sub–Con Group has made, used, or sold in the United States, or imported into the United States, any structure covered by the Knight Patent, or committed any other act of infringement.

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> After the pleadings are closed but within such time as not to delay the trial,

any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c) (emphasis added).

█ Here, an answer has not been filed and the pleadings thus have not been "closed." In such a case it is within the court's discretion whether to treat the motion as one to dismiss or as one for summary judgment. *See Williams v. Walnut Park Plaza*, 68 F.Supp. 957 (E.D.Pa.1946). This motion is styled as and treated by the plaintiff in his responding papers as a motion to dismiss pursuant to Rule 12(b), and the plaintiff has not been given the opportunity to present all the evidentiary material made pertinent by Rule 56. In addition, the court has excluded from its consideration of the legal sufficiency of the complaint the evidentiary material submitted by the parties. *Cf. Paul S. Mullin & Assoc., Inc. v. Bassett*, 632 F.Supp. 532 (D.Del.1986) (submission of factual affidavits to supplement briefs on dismissal motion did not transform motion to dismiss into motion for summary judgment where court did not consider information in affidavits in making findings on legal sufficiency of complaint). In the interest of fairness to the plaintiff, the court will not convert the motion to one for summary judgment as to the members of the Sub–Con Group. The motion is treated as a Rule 12(b) motion to dismiss by all defendants, and defendants may later move for summary judgment if they so desire.

█ Although the allegations in plaintiff's first cause of action are not factually detailed, they do provide a short and plain statement of plaintiff's claims. Plaintiff alleges that he is the owner of the Knight Patent, and that the "defendants have knowingly and willingly infringed the Knight Patent and have contributed to and induced the infringement by others, both within this judicial district and elsewhere." Complaint, para. 18–19. Moreover, the sufficiency of plaintiff's complaint on its face is not contested by the defendants. By reason of the foregoing, defendants' motion to dismiss the first cause of action for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), is denied. Defendants also move for dismissal of the second cause of action for breach of the alleged licensing agreement, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Since the first cause of action based on patent infringement is not dismissed, this portion of the motion is also denied.

█ Defendants assert for the first time in their reply papers that the claims based on acts of infringement occurring more than six years prior to the filing of the complaint should be barred pursuant to 35 U.S.C. § 286.[1] The court will not address issues raised for the first time in the reply papers. In addition, the issues of potential "continuing" infringements and the time of accrual of plaintiff's claims would be better resolved after proof on these issues has been submitted.

### Conclusion

The defendants' motion to dismiss the first cause of action pursuant to Rule 12(b)(6) is denied. The defendants' motion to dismiss the second cause of action pursuant to Rule 12(b)(1) is also denied. The defendants' request for conversion of the motion to dismiss into a motion for summary judgment as to the Sub–Con Group is denied.

IT IS SO ORDERED.

---

1. Title 35, U.S.C. § 286, titled "Time limitation on damages," states, in pertinent part:

    Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.