(634 P.2d 1148)

No. 52,263

BILLIE DENNIS SIMMON, *Appellant,* v. EUGENE BOND, *et al., Appellees,* and DORA BOND, *Appellee,* v. BILLIE DENNIS SIMMON, *et al., Appellant.*

Opinion filed October 22, 1981.

*Patrick J. Warnick,* of Wichita, for appellant.

*Warren R. Southard,* of Wichita, for appellee Dora Bond.

*Waldo B. Wetmore,* of Wichita, for appellee Mary Beth Simmon.

Before ABBOTT, P.J., PARKS and SWINEHART, JJ.

ABBOTT, J.: This is an appeal by Billie Dennis Simmon from an order entering judgment in favor of Dora Bond in what amounts to two separate quiet title actions that were consolidated for trial by the trial court.

Dora Bond is the former mother-in-law of Simmon. Her daughter, Mary Elizabeth Simmon, was married to Simmon for fifteen years. The Simmons had six children, four of whom were minors when the divorce was granted. Mr. Simmon was given custody of the minor children. He also was awarded the couple's house, which is the subject matter of this appeal.

This action arose in the following manner: Mr. and Mrs. Simmon contracted to purchase the property that is the subject matter of this appeal in January 1966 at a purchase price of $7,000. A deed was placed in escrow and was to be delivered

when $6,500 plus interest at six percent had been paid in full. The Simmon family occupied the home continuously until this action ended the occupancy. Between 1966 and 1978, the Simmon family failed to make between 24 and 26 payments on the house. Apparently the sellers (not a party here) did not object. Mr. Simmon commenced a divorce action on June 26, 1978. On that very day Mrs. Simmon's parents, Eugene Bond (who has since died) and Dora J. Bond, secured a joint tenancy deed from the sellers. The joint tenancy deed was not introduced into evidence (no evidence was introduced in this case); however, the parties agree as to that occurrence.

Mr. Simmon commenced an action against the sellers, the escrow agent, and the Bonds to quiet title and for damages. The sellers cross-claimed against the Bonds, alleging that the Bonds had misled them by stating that the escrow agreement was terminated. The Bonds answered, specifically requesting that title be quieted in their names. All parties to the action answered and issues were joined.

The Simmons were divorced on February 23, 1979. Mr. Simmon was awarded custody of the four minor children and the family home subject to a judgment lien of $6,980 to Mrs. Simmon. The judgment was not to bear interest and would become due upon the sale of the property, or the remarriage or death of Mr. Simmon, or when the youngest child attained majority.

On August 16, 1979, Dora Bond filed a quiet title action against Mr. Simmon, her daughter Mary Elizabeth Simmon, and the escrow agent. She also requested that she be put in possession of the real estate. It appears she acknowledged that if Simmon claimed an interest due to the contract of sale, the court should set a redemption period. Mr. Simmon did not answer in the second quiet title action, but did file a motion for summary judgment. Neither Mrs. Simmon nor the escrow agent was served with summons in the second suit, nor did they answer or otherwise plead. Mr. Simmon's attorney denies he had knowledge that his motion for summary judgment was ruled on. The court records contain an untitled 8½″ x 11″ paper which the appearance docket refers to as a "motion sheet," reflecting that a motion for summary judgment was filed on August 28, 1979, and set to be heard. It also reflects on November 2, 1979, the single word "overruled" was written on the sheet as the last entry under the

heading "Last Ruling." The sheet is neither signed nor initialed by a judge, and the order was never journalized. The motion sheet does show that the motion for summary judgment was assigned to a specific division of the court, and we assume the judge from that division made the order overruling the motion for summary judgment. On February 11, 1980, a discovery conference was held and the trial court entered an order consolidating the two cases as to the issues regarding ownership, determination and payment of liens and foreclosure thereof. Those issues were set for trial on April 21, 1980.

On April 21, 1980, the quiet title portion of the two cases came on for trial. Mrs. Simmon requested permission to appear in the second case and stated that her answer in the first case set out the issues. Mrs. Bond's attorney then for the first time, by orally moving for judgment on the pleadings, raised Mr. Simmon's failure to file an answer. Simmon argued that his motion for summary judgment amounted to an answer; he objected to consideration of the oral motion and finally requested that he be allowed to file an answer. The trial judge rejected Simmon's arguments and granted judgment to Dora Bond and against Simmon, awarding the real estate to Mrs. Bond and quieting title in her name. The trial judge then concluded that the issues in the first case were moot by reason of his having granted judgment on the pleadings in the second case. This appeal followed.

We reverse for the following reasons:

A motion for judgment on the pleadings will not lie until the pleadings are closed. K.S.A. 60-212(c). Pleadings are not closed until an answer is filed unless a counterclaim, cross-claim, or third party claim is filed, in which event the filing of a reply or answer to the cross-claim or third-party claim will normally mark the close of the pleadings. *Hetman v. Fruit Growers Express Company*, 200 F. Supp. 234 (D.N.J. 1961); *Williams v. Walnut Park Plaza, Inc.*, 68 F. Supp. 957 (E.D. Pa. 1946); *Van Dyke v. Broadhurst*, 28 F. Supp. 737 (M.D. Pa. 1939); *Interstate Commerce Commission v. Daley*, 26 F. Supp. 421 (D. Mass. 1939); *Mull v. Colt Co.*, 31 F.R.D. 154 (S.D.N.Y. 1962); *Colboch v. Aviation Credit Corporation*, 64 Ariz. 88, 166 P.2d 584 (1946); 5 Wright & Miller, Federal Practice & Procedure: Civil § 1367, p. 687 (1969); 2A Moore's Federal Practice ¶ 12.15 (2d ed. 1981); 71 C.J.S., Pleading § 425, p. 864.

Dora Bond could not properly move for, nor could the trial court properly grant, a judgment on the pleadings prior to an answer being filed. The proper motion would be to move for default judgment rather than to seek judgment on the pleadings. Can we treat the motion for judgment on the pleadings as an application for a default judgment? In other words, could the trial judge have been correct in his determination even though he expressed the wrong reason for his decision? Failure to file an answer is prima facie a default. K.S.A. 60-255. K.S.A. 60-255(*a*) provides in part that:

"If the party against whom judgment by default is sought has appeared in the action, he or she (or, if appearing by representative, his or her representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application."

The trial judge was of the opinion that written notice was not necessary in this case because the oral motion was made during a trial, thus falling within the exception to K.S.A. 60-207(*b*)(1), which requires motions to be in writing. As we understand the exception, it is intended to apply to appropriate oral motions which are incidental to the matter being heard. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-207(*b*) (1979); Vernon's Kansas C. Civ. Proc. § 207.4 (1963). An oral motion cannot be made in the course of a hearing or trial to seek a determination on any matter other than that for which the hearing was noticed to be heard. *Wright v. Wright,* 122 Colo. 179, 220 P.2d 881 (1950). A motion for judgment on the pleadings or for default normally contemplates that the motion will be presented for determination as a pretrial step. *Nystrom v. Nystrom,* 105 So. 2d 605 (Fla. Dist. Ct. App. 1958). In any event, in *Sharp v. Sharp,* 196 Kan. 38, 409 P.2d 1019 (1966), the Supreme Court set aside a default judgment because the prevailing party failed to give the adverse party who had entered an appearance the 3-day notice as required by K.S.A. 60-255(*a*), stating the general rule that the law favors a trial upon the merits and looks with disfavor upon default judgments. As we view the record, Mrs. Bond was not entitled to default judgment due to her failure to give Simmon notice.

It is also our opinion that the trial court's failure to allow Simmon to file an answer consistent with the first case was an abuse of discretion. We do not condone the failure of Simmon's counsel to follow normal procedure. The answer should have

been timely filed. A trial judge, upon proper notice, ordinarily would be justified in granting default judgment against a party who proceeded to trial without filing an answer. We are, however, unable to see how the filing of an answer could have prejudiced Dora Bond. The issues had been determined in the case filed by Mr. Simmon. The parties were present and ready for trial on those issues; and if the trial judge had allowed an answer to be filed, the trial could have proceeded without delay or prejudice to either party. In our opinion, the trial judge abused his discretion by refusing to allow an answer to be filed consistent with Mr. Simmon's position in the case he commenced.

The judgment and orders of the trial court are reversed with directions to sustain Mr. Simmon's motion to set aside the default judgment.