No. 55,331

Polk County Federal Savings and Loan Association of Des Moines, *Appellee*, v. Norman Wilford Weathers, and Mordine Weathers, husband and wife, *Appellants*.

(672 P.2d 596)

Opinion filed December 2, 1983.

*John T. Flannagan*, of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellants.

*R. Scott Beeler*, of Gage & Tucker, of Overland Park, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Herd, J.: This is an appeal from a trial court order holding a mortgage lien survives bankruptcy independent of the proceeding.

On November 17, 1978, Norman W. Weathers and Mordine Weathers, in consideration of a loan of $49,000, executed their note secured by a mortgage on their Olathe home to the Missouri Valley Investment Company. The mortgage, which was properly filed and recorded, was later assigned to the appellee, Polk County Federal Savings and Loan Association of Des Moines.

On March 10, 1980, the Weathers filed a petition for bankruptcy pursuant to 11 U.S.C. Ch. 7 in the United States Bankruptcy Court for the District of Kansas. In May of 1980, Norman Weathers signed a forebearance and reaffirmation agreement with appellee to avoid foreclosure. A discharge in bankruptcy was entered on September 8, 1980, pursuant to 11 U.S.C. § 727.

In May of 1981, Weathers was eight months in default under the forebearance and reaffirmation agreement. Polk County filed a petition for relief from the stay order under 11 U.S.C. § 362(d) to proceed with mortgage foreclosure against appellants' prop-

erty. The bankruptcy court was asked to determine whether the in rem rights of the secured creditor survived discharge. In December 1981, the United States Bankruptcy Court ruled in favor of the appellee holding the secured interest survived. That ruling was appealed by the Weathers to the United States District Court.

Subsequent to the appeal, the bankruptcy court ordered the appellants to file a $5,000 supersedeas bond. Appellants did not file the bond. Appellee moved the Federal District Court for an involuntary dismissal of appeal for failure to file the bond. The motion was denied, but the court ruled there was no stay to prevent foreclosure.

Foreclosure was then commenced in the District Court of Johnson County. On December 23, 1982, the Johnson County District Court entered its order foreclosing the mortgage of the appellants and entered judgment in rem against the appellants.

On the 28th day of February, 1983, the property of appellants was sold at foreclosure sale.

The appellants initially argue the security interest of Polk County Federal Savings & Loan should be extinguished under the United States Bankruptcy Laws because of the Order of Discharge.

It has long been the law in Kansas that:

"While a discharge in bankruptcy under the Bankruptcy Act of 1898 will prevent the bankrupt from being personally liable on a dischargeable debt, the debt itself is not extinguished and a creditor holding a security interest in exempt property may look to that property for satisfaction of the debt." *Garnett State Savings Bank v. Tush,* 232 Kan. 447, Syl. ¶ 6, 657 P.2d 508 (1983).

See also *Commodore v. Armour & Co.,* 201 Kan. 412, 441 P.2d 815 (1968); *Butler Bros. v. Twineham,* 134 Kan. 547, 7 P.2d 531 (1932); *Gillett & Co. v. McCarthy,* 23 Kan. 668 (1880). The United States Supreme Court has also held a discharge in bankruptcy does not release the lien of a pre-bankruptcy mortgage on the debtor's homestead. See *Long v. Bullard,* 117 U.S. 617, 29 L.Ed. 1004, 6 S.Ct. 917 (1886).

The appellee in this case sought solely to proceed in rem against the appellants. The sale of the property in question on February 28, 1983, was the only action by appellee to obtain satisfaction on its judgment. The appellee's actions conform to

Kansas and United States law. The appellants contend, however, the law was changed by the 1978 revisions to the bankruptcy act.

Under section 14(f) of the old bankruptcy code, the law concerning the survivability in rem as opposed to one in personam provided:

"An order of discharge shall —

"(1) Declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt . . . ."

Section 524(a)(2) of the new bankruptcy code, revised in 1978, replaces section 14(f) and provides:

"A discharge in a case under this title . . .

"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or off set any such debt *as a personal liability of the debtor, or from property of the debtor,* whether or not discharge of such debt is waived." (Emphasis added.)

Appellants argue the addition of the term "property of the debtor" now precludes in rem actions on liens created prior to the debtor's bankruptcy. Current case law and the legislative history behind section 524(a)(2) provide otherwise.

Several bankruptcy court decisions since the 1978 revisions indicate that valid liens on property continue after a discharge. See *In re Honaker,* 4 Bankr. 415 (Bankr. E.D. Mich. 1980) (liens passed through bankruptcy unaffected); *In re Grimes,* 6 Bankr. 943 (Bankr. D. Kan. 1980) (in rem lien on homestead continues after bankruptcy discharge); *In the Matter of Coots,* 4 Bankr. 281 (Bankr. S.D. Ohio 1980) (discharge is of debtor's personal liability, the real estate itself remains subject to the mortgage). See also 3 Collier on Bankruptcy § 524.01, pp. 524-29 (15th ed. 1979).

The most persuasive authority on this point is our decision in *Garnett* which was decided after the 1978 revisions to the bankruptcy code but prior to its effective date. We stated:

"Thus it is clear that in Kansas, as in most if not all other states, while a discharge in bankruptcy will prevent the bankrupt from being personally liable on a dischargeable debt, the debt itself is not extinguished and a creditor holding a security interest in exempt property *may look to that property for satisfaction of the debt." Garnett State Savings Bank v. Tush,* 232 Kan. at 456.

We conclude the trial court did not err in allowing the appellees to proceed in rem to foreclose the appellants' mortgage.

The appellants next argue the state courts do not have juris-

diction to rule on the foreclosure until the appeal before the United States District Court is decided.

In December, 1981, after the appellants' discharge, they asked the bankruptcy court to determine the in rem rights of the appellee. The appellants contended the lien was extinguished by the discharge. The appellee argued it survived the discharge. The United States Bankruptcy Court ruled in favor of the appellee. The appellants then appealed that decision to the United States District Court.

The bankruptcy court ordered the appellants to file a $5,000 supersedeas bond to stay proceedings pending the appeal. The bond was not filed, hence no stay. Appellee moved the district court to dismiss the appeal. Judge Rogers denied appellee's motion, and ruled:

"Appellee argues that this holding means appellant will receive the benefit of a stay without filing a bond because no foreclosure sale may take place without a decision upon the appeal by this Court. We disagree. The general rule of appellate procedure made applicable to bankruptcy through Rule 805 is that the prevailing party may treat the judgment of the lower court as final if the losing party does not seek a stay of the judgment to protect its right to appeal. [Citation omitted.] Rule 805 protects the rights of good faith purchasers to rely on the 'unstayed' judgments of bankruptcy courts."

See *Universal Athletic Sales Co. v. American Gym,* 480 F. Supp. 408, 422 (W.D. Pa. 1979).

The court below did not err in holding it had jurisdiction and granting judgment in the foreclosure action.

The judgment of the trial court is affirmed.