(720 P.2d 1121)

No. 56,432

No. 58,320

UNIVERSAL MODULAR STRUCTURES, INC., *Appellant*, v. MARY K. FORREST, *Appellee*.
and
UNIVERSAL MODULAR STRUCTURES, INC., *Appellant*, v. MIKE HILL, Sheriff of Sedgwick County, Kansas, *Appellee*.

—

Opinion filed June 19, 1986.

*Stuart R. Collier* and *Milo M. Unruh*, of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for appellant.

*Randall E. Fisher* and *Quentin E. Kurtz*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellee Mary K. Forrest.

*Marvin C. Pendergraft*, of Pendergraft & Pendergraft, of Wichita, for appellee sheriff of Sedgwick County.

Before PARKS, P.J., REES, J., and DAVID F. BREWSTER, District Judge, assigned.

REES, J.: In this action, plaintiff Universal Modular Systems, Inc., (UMS) seeks to remove a cloud on title to realty created by defendant Mary K. Forrest's judgment lien, which lien arose by reason of a default judgment secured by Forrest against a third party in an underlying action. UMS appeals a district court order (1) barring its collateral attack on the ground Forrest's failure to comply with the notice requirement of Supreme Court Rule 118, 235 Kan. cv, did not render void her default judgment; and (2) holding that Forrest's judgment lien was not invalidated by virtue of her default judgment debtor's subsequent discharge in bankruptcy. We affirm.

On May 19, 1980, Forrest filed suit against one Gary L. Shively seeking recovery on five claims for both liquidated damages and unliquidated actual and punitive damages "in an amount in

excess of $10,000.00." Personal service was obtained upon Shively on July 27, 1980.

Shively did not answer or make other appearance. While the suit was pending, Shively, on December 23, 1980, conveyed a tract of land to UMS. Subsequently, on March 26, 1981, the district court entered default judgment against Shively on Forrest's claims in the aggregate amount of approximately $195,611.26 plus interest. Shively did not appeal and to date has not brought proceedings to set aside that judgment.

On April 2, 1981, UMS, by corporate warranty deed, conveyed the tract it had purchased from Shively to Hecox Investments, Inc. Upon learning of Forrest's judgment lien on the property, Hecox demanded that UMS act to protect Hecox's interest. UMS accordingly brought this suit against Forrest on July 1, 1983, alleging that Forrest's failure to comply with Supreme Court Rule 118(d) rendered her default judgment against Shively void. One month later, UMS filed suit against Johnnie Darr, Sedgwick County Sheriff, now succeeded by Mike Hill, seeking to restrain him from selling the property in question at a sheriff's sale scheduled in August at the behest of Forrest.

The two actions were consolidated and heard on November 3, 1983. In a well-written opinion, the trial court held that Forrest's failure to give notice to Shively of the amount of money sought at least ten days in advance of entry of default judgment in compliance with Supreme Court Rule 118(d) rendered her judgment merely voidable at the instance of Shively. The trial court thus refused to clear title to the real estate as requested by UMS, and issued an order vacating a temporary restraining order against the sheriff. UMS appealed.

While the case was pending before this court, Shively filed for bankruptcy in the United States Bankruptcy Court, District of Kansas. This court accordingly remanded the case to the district court.

UMS then filed a K.S.A. 60-260(b) motion for relief in the district court. Upon a showing that Shively's judgment debt to Forrest was an indebtedness asserted in the bankruptcy proceeding and that Shively had been discharged in bankruptcy, the district court denied the motion, finding that the discharge in bankruptcy extinguished only Shively's personal liability but not the debt so that Forrest's judgment lien remained in effect. UMS

filed a subsequent notice of appeal and the issues in both appeals were consolidated for this court's determination.

At the outset, and as the parties correctly note, UMS, as subsequent purchaser of land on which there is a judgment lien, cannot collaterally attack the underlying judgment for mere irregularities; rather, the subsequent purchaser may only successfully attack the underlying judgment if it is void. A void judgment or order is a nullity and may be vacated at any time on motion of a party or any person affected thereby. *Friesen v. Friesen*, 196 Kan. 319, 321, 410 P.2d 429 (1966). Thus, the first issue for our consideration is whether lack of compliance with Supreme Court Rule 118(d) on the part of the judgment creditor renders a resulting default judgment void.

Supreme Court Rule 118(d) provides as follows:

"Before any default judgment is taken in any action contemplated by this rule, the party seeking relief must notify the party against whom relief is sought of the amount of money for which judgment will be taken. Said notice shall be given by certified mail, return receipt requested, or as the court may order, at least ten (10) days prior to the date judgment is sought. Proof of service shall be filed and submitted to the court."

Rule 118(d) has recently been held to apply when default judgment is sought on any pleading of unliquidated damages. *Winner v. Flory*, 11 Kan. App. 2d 263, 719 P.2d 20 (1986).

On appeal, UMS emphasizes the mandatory language of Rule 118(d) in support of its position that the Rule is jurisdictional. UMS also points out that Rule 118(d)'s operation is more "stringent" than that of its companion statute, K.S.A. 60-255 (entry of default judgments), and notes that in *Simmon v. Bond*, 6 Kan. App. 2d 766, 634 P.2d 1148 (1981), this court held that a trial court could not have granted a default judgment because of the plaintiff's failure to comply with a three-day notice requirement of K.S.A. 60-255(a). We do not believe that either observation is controlling in this case.

We agree that compliance with Rule 118(d) is mandatory. A judgment is not void, however, merely because it is erroneous. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process. *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976). In this case, the district court had both personal and subject matter jurisdiction. Therefore, for UMS to succeed in its argument to us it must

contend that a plaintiff's noncompliance with Rule 118(d) some-how operates either to intervene and wrest away district court jurisdiction or to deprive the nonappearing defendant of due process. We see nothing in the language of Rule 118(d) leading us to conclude that the Supreme Court intended noncompliance to carry such a severe penalty. Nor are we convinced that Forrest's failure to serve notice of the exact amount of damages she sought upon Shively is so fundamentally unfair or inconsis-tent with the dictates of due process that the judgment should be void for the purpose of allowing third parties to collaterally attack it. Shively, upon whom personal service was obtained, was notified in compliance with K.S.A. 60-208 that Forrest sought unliquidated damages in excess of $10,000, and we be-lieve that minimum notification—that Forrest sought damages in excess of $10,000—was sufficient to comport with due process requirements.

Moreover, we find the *Simmon* case inapposite. In *Simmon*, our court reversed a judgment entered on the pleadings for the trial court's failure to allow defendant to file an answer out of time, noting that the trial court "could not" have granted a default judgment because the three-day notice of K.S.A. 60-255(a) had not been given. *Simmon* was a direct appeal by the losing defendant and the issue whether the judgment was void or voidable simply was not reached. See also *Sharp v. Sharp*, 196 Kan. 38, 409 P.2d 1019 (1966); *Hood v. Haynes*, 7 Kan. App. 2d 591, 598, 644 P.2d 1371 (1982). Rather, we find this case similar to *Becker v. Roothe*, 184 Kan. 830, 339 P.2d 292 (1959), which was an appeal from a trial court's order refusing to open a default judgment for the trial court's failure to take evidence of plaintiff's claims for unliquidated damages in compliance with a former default judgment statute, G. S. 1949, 60-3109. The issue on appeal important for our purposes was whether that failure rendered a default judgment for unliquidated damages void or voidable.

The Supreme Court in *Becker* held that compliance with G. S. 1949, 60-3109 was mandatory. Nonetheless, the trial court having obtained jurisdiction over the subject matter and the parties, the Supreme Court found the subsequent default judgment not to be void, "however irregular or erroneous some of the court's pro-ceedings may be, or voidable the judgment might be." *Becker v.*

*Roothe*, 184 Kan. at 834. See also *City of Eudora v. French*, 204 Kan. 258, 265, 461 P.2d 762 (1969); *Anchor Savings & Loan Ass'n v. Dysart*, 189 Kan. 147, 368 P.2d 293 (1962); *Cadwallader v. Bennett*, 187 Kan. 246, 356 P.2d 862 (1960).

We accordingly hold that failure to comply with Rule 118(d) renders a resulting default judgment voidable but not void. Accord *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087, 1091 (10th Cir. 1970); *Trobiani v. Racienda*, 95 Ill. App. 2d 228, 234, 238 N.E.2d 177 (1968). But see *Stevenson v. Turner*, 94 Cal. App. 3d 315, 156 Cal. Rptr. 499 (1979). The trial court thus did not err in holding that UMS cannot collaterally attack Forrest's default judgment.

UMS next contends that Shively's discharge in bankruptcy extinguished the debt Shively owed Forrest and that in the absence of a debt no lien can exist; therefore, the Hecox property is no longer subject to execution and UMS is entitled to a judgment removing the cloud on title created by the Forrest lien. We disagree.

In *Garnett State Savings Bank v. Tush*, 232 Kan. 447, 456, 657 P.2d 508 (1983), an analogous case, our Supreme Court stated:

"[W]hile a discharge in bankruptcy will prevent the bankrupt from being personally liable on a dischargeable debt, the debt itself is not extinguished and a creditor holding a security interest in exempt property may look to that property for satisfaction of the debt."

See also *Polk County Fed'l Savings & Loan Ass'n v. Weathers*, 234 Kan. 410, 411, 672 P.2d 596 (1983).

The case UMS relies on, *In re Ray*, 26 Bankr. 534 (Bankr. D. Kan. 1983), holds directly to the contrary and is representative of the minority view. In the absence of an indication that our Supreme Court intends to reverse its position, we must hold that the trial court was correct in concluding that the bankruptcy discharge order extinguished only Shively's personal liability for the judgment obtained by Forrest and that the debt and judgment lien on the Hecox property continue to exist.

Affirmed.