No. 62,834

BAZINE STATE BANK, *Appellee*, v. PAWNEE PRODUCTION SERVICE, INC., WILLIAM J. FRUSHER, DAVID H. FRUSHER, MARY A. FRUSHER, and THOMAS A. FRUSHER, *Appellants*.

(781 P.2d 1077)

Opinion filed October 27, 1989.

*Mark A. Ohlsen*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, argued the cause, and *Richard D. Greene*, of the same firm, was with him on the briefs for appellant.

*F. C. "Rick" Davis, II*, of Bruce & Davis, of Wichita, argued the cause, and *Kenneth H. Jack*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Bazine State Bank (Bank) commenced this action by alleging that Pawnee Production Service, Inc., (Pawnee) had defaulted on a note in the amount of $259,077, which had been guaranteed by William, David, and Thomas Frusher. The district

court granted the Bank's motion for default judgment against the defendants for failing to timely file their answers (K.S.A. 60-255), and denied defendants' motion to set aside that judgment (K.S.A. 60-260[b]). Defendants appealed.

On December 30, 1986, the Bank filed its petition seeking possession of personal property and a money judgment against defendants William, David, Thomas, and Mary Frusher. (Pawnee, William, David, and Thomas will be referred to collectively as defendants). All defendants were personally served with summonses on the day that the petition was filed. Pawnee was served through William, as bookkeeper for the family corporation. Each of the summonses contained the following language: "If you fail to [answer within 20 days of service], judgment by default will be taken against you for the relief demanded in the petition."

On the day that answers were due, January 19, 1987, at the defendants' request, a clerk's order was entered granting all defendants until January 29 to answer or otherwise plead. Only Mary answered by the January 29 deadline. The suit against Mary was subsequently dismissed without prejudice and, although she is listed as an appellant, no judgment has been entered against her.

On January 29, instead of filing an answer, defendant William filed a second motion with the clerk seeking to extend the defendants' time to answer to February 18. No order was ever entered regarding this motion. On February 17, one day prior to their requested answer date, defendants filed notice that a hearing on their second request to extend the time to answer would be held on February 23. Defendants failed to answer on February 18.

On February 20, William filed a third motion seeking to extend the defendants' time to answer to March 5. A copy of this motion was delivered to the Bank's attorney at the February 23 hearing.

On February 23, only the Bank's attorney and William appeared for the hearing. William, appearing pro se, indicated that defendants needed the extension in order to hire counsel. The attorney for the Bank suggested that William wanted more time in order to plan for bankruptcy and orally moved for default judgment against the nonanswering defendants. The district court considered: (1) defendants' latest motion for an extension

of time to answer; and (2) the Bank's oral motion for default judgment. Without ruling on either motion, the district judge set the case for trial on March 23, 1987. Neither the Bank nor William objected to the trial setting. On February 25, notice of the Bank's motion for default judgment and notice of trial were mailed to all parties. Defendants failed to answer by the March 5 deadline they had requested.

On March 23, the Bank's attorney appeared, checked the courtroom, and found none of the defendants present. Unknown to the Bank's attorney, William, a county employee, was working in an office in the courthouse. Due to a snowstorm, the judge was unable to get to the courthouse. William claims, and the district court accepted as true, that he had the defendants' written answer and would have handed it to the judge prior to trial.

The Bank's attorney contacted the judge by telephone and stated that none of the defendants had appeared at the courthouse on March 23. In an ex parte proceeding on that date, the district court granted the Bank's motion for default judgment against the nonanswering defendants. The court found that defendants were "served on December 30, 1986; that the time for answer of the pleadings by said defendants has expired and that said defendants are wholly in default." On March 26, a copy of the notice of filing of default judgment, with a copy of the journal entry attached, was mailed to all of the defendants.

After the defendants had received notice of the default judgment, they obtained counsel to represent them. Subsequent to discussions with the defendants' attorney, the Bank agreed to forego additional attempts to execute on its judgment while the parties negotiated a satisfaction of the judgment. Almost one year later, on March 25, 1988, two days prior to the expiration of the one-year limitation to set aside a default judgment, the defendants filed a motion to set aside the judgment, claiming that K.S.A. 60-260 (b) (1), (3), (4), (5), and (6) provided grounds for relief. On June 27, 1988, the court heard and denied their motion to set aside the default judgment. The defendants appealed, claiming that the district court: (1) erred in granting the Bank's motion for default judgment without a hearing on the matter in violation of due process, and (2) abused its discretion granting the default judgment and in denying defendants' motion to set aside the default judgment.

The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, an appellate court will not disturb the trial court's decision. *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988). All judicial discretion must thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and only to be abused when it plainly overpasses those bounds. *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

K.S.A. 60-212(a) requires a defendant to answer within twenty days after the service of the summons and petition. However, this deadline may be extended if a different time is fixed by order of the court. "The purpose of an answer is to notify the court and plaintiff of the defense relied on so that the latter may prepare to meet it, and to defeat the action and bar plaintiff's recovery. Its real function is to convey information, define the issues, and show why plaintiff is not entitled to judgment." 71 C.J.S., Pleading § 99(b).

K.S.A. 60-255 provides:

"**Default.** (a) *Entry.* Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. . . . If the party against whom judgment by default is sought has appeared in the action, he or she (or, if appearing by representative, his or her representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . ."

It is important to note that defendants filed each request for an extension of time to answer with the clerk of the district court. The defendants failed to file their answer to the petition prior to the scheduled trial date. Failure to file an answer is prima facie a default. *Simmon v. Bond*, 6 Kan. App. 2d 766, 769, 634 P.2d 1148 (1981).

While there is no Kansas case which resolves the specific issue presented here, federal courts hold that the Federal Rules of Civil Procedure require no hearing in this situation. Rule 55 requires a hearing *after* entry of default judgment only if necessary to determine the amount of damages. A hearing is not necessary if the motion for a default judgment specifies the

amount that the district court is requested to award. If the nonanswering party knows the exact amount claimed and has never questioned this amount, a hearing on the amount of damages to be awarded is not required. *United States v. DeFrantz,* 708 F.2d 310, 312-13 (7th Cir. 1983). See *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979) (a default judgment may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation); *Collex, Inc. v. Walsh,* 74 F.R.D. 443, 450 (E.D. Pa. 1977) (same).

The language in Fed. R. Civ. Proc. 55 is identical to that in K.S.A. 60-255 in all aspects relevant to this case. K.S.A. 60-255 substantially follows Rule 55, except that under 60-255 only the judge is permitted to enter a default judgment. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-255 (1979).

Defendants argue that the award of their property by default judgment without a hearing was a denial of their fundamental right to procedural due process. The fundamental requisite of due process of law is the opportunity to be heard. The hearing must be at a meaningful time and in a meaningful manner. *Goldberg v. Kelly,* 397 U.S. 254, 267, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970); *In re Petition of City of Overland Park for Annexation of Land,* 241 Kan. 365, 370, 736 P.2d 923 (1987). The Bank claims that the defendants received their due process hearing on June 27, 1988, when the motion to set aside the default judgment was argued to the district court. Defendants point out that *Goldberg* and its progeny require a hearing *before* there is a final deprivation of property, not subsequent to the entry of judgment.

Federal authority is contrary to the defendants' claim that a defaulting party has a fundamental due process right to a hearing. Default judgments entered for failure to answer within the time allowed, after proper service, do not violate due process. While procedural due process requires a hearing before there is a permanent deprivation of property, an unresponsive defendant may forfeit this constitutional right. *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 251-52 (4th Cir. 1974). See *Celco, Inc. of America v. Davis Van Lines, Inc.,* 226 Kan. 366, 368, 598 P.2d 188 (1979) (default judgment upheld; under K.S.A. 60-255(a) the trial court need only conduct such hearings as it deems necessary).

Here, the district court granted the Bank a default judgment for

the amount of damages specified in its petition. Defendants, by their failure to answer, never disputed the amount or nature of the damages claimed by the Bank. The amount of damages claimed is capable of mathematical calculation. Under these circumstances and based on our interpretation of federal and state rules of civil procedure governing default judgments, we hold that the defaulting defendants were not entitled to a hearing.

K.S.A. 60-255(b) provides: "For good cause shown the court may set aside a judgment entered by default in accordance with K.S.A. 60-260(b)." A ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court. In the absence of a showing of abuse of discretion, an appellate court will not reverse the trial court's order. *In re Marriage of Zodrow*, 240 Kan. 65, Syl. ¶ 2, 727 P.2d 435 (1986).

Defendants' motion to set aside the default judgment listed these subsections of K.S.A. 60-260(b) as grounds for relief:

"(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

On appeal, defendants present no argument regarding subsection (5). Where the appellant fails to brief an issue, that issue is waived or abandoned. *Feldt v. Union Ins. Co.*, 240 Kan. 108, 112, 726 P.2d 1341 (1986).

While there is a need to achieve finality in litigation, judicial discretion must not achieve that end in disregard of what is right and equitable under the circumstances. Defaults are not favored in law but become necessary when the inaction of a party frustrates the orderly administration of justice. In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits. *Jenkins v. Arnold*, 223 Kan. 298, 299-300, 573 P.2d 1013 (1978).

Defendants primarily rely on K.S.A. 60-260(b)(4). They argue that, since they were deprived of property without a hearing, the default judgment is void. Where a judgment is attacked under

subsection (4) as being void, there is no requirement that the moving party show that he has a meritorious defense. A judgment is void if the court acted in a manner inconsistent with due process. *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976). A void judgment is a nullity and may be vacated at any time. *Universal Modular Structures, Inc. v. Forrest*, 11 Kan. App. 2d 298, 300, 720 P.2d 1121 (1986).

Since we have previously determined that the district judge did not abuse his discretion when originally granting the Bank's motion for a default judgment, subsection (4) provides no basis for relief.

Defendants argue that K.S.A. 60-260(b)(1), (3), and (6) provide grounds for relief. As for subsection (1), defendants assert the default was not due to inexcusable neglect or a willful act. In fact, defendants argue that they performed as they were required—they appeared for the hearing on the motion for default judgment, which was cancelled due to a snowstorm; they had prepared handwritten answers; and they were prepared to testify and put on their evidence.

This assertion ignores the fact that, even though the defendants had filed with the clerk of the district court three requests for additional time to answer, they failed to file their answer to the petition with the clerk. K.S.A. 1988 Supp. 60-205 requires the filing of pleadings and other papers with the clerk of the court, except when the judge allows them to be filed with him or her. At the June 27 hearing on the motion to have the default judgment set aside, the district judge concluded: "Well, Mr. Frusher had plenty of time to get counsel and get something on file. We gave him plenty of time. The default judgment that was entered, I would decline to set aside."
Under the facts, there was no abuse of discretion in refusing to set aside the judgment under subsection (1).

As for subsection (3), defendants assert that the Bank's attorney fraudulently represented to the court that "no one appeared on behalf of the defendants" at the March 23 hearing, which was cancelled. The only indication in the record as to what the Bank's attorney told the court is as follows:

"Mr. Larson [the Bank's other attorney] makes it to the courthouse. There is a snow storm. Your Honor isn't here, he [Larson] checks the courtroom, didn't see anybody, goes out. And calls Your Honor a couple days later and says, Your Honor I was there, didn't see anybody else there. What am I going to do?"

Defendants allege that the Bank's "misrepresentation" caused the district court to deny their motion to set aside the default judgment. This claim is contrary to the record. William stated that he did appear and was prepared to hand the judge the defendants' answer; the district judge said that he believed him. The district court was obviously not misled and the record does not support defendants' allegation of fraud. There was no abuse of discretion when the district judge refused to set aside the default judgment under subsection (3).

As for subsection (6), defendants argue: "Even had the lack of a hearing not risen to the level of a denial of due process, surely the fact that no hearing was held raises equitable consideration as to basic fairness." This is a variation on their previous due process argument regarding subsection (4). The question is the same: Did the district court abuse its discretion by finding that equity did not require setting aside the default judgment? As previously decided, there was no abuse of discretion.

Defendants argue that the default judgment is void as against David since: (1) the Bank's petition alleged that Mary guaranteed David's indebtedness; and (2) the district court dismissed the Bank's action against Mary without prejudice. Where one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with respect to all defendants or all defendants have defaulted. *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.*, 214 Kan. 110, Syl. ¶ 4, 519 P.2d 730 (1974).

The Bank argues that, because defendants failed to raise this argument at the hearing on their motion to set aside the default judgment, they are estopped from raising it now. We agree. A point not raised before or presented to the trial court cannot be raised for the first time on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

In addition, *Reliance* involved a claim against joint tortfeasors, and the release of one joint tortfeasor would have released them all. 214 Kan. at 118. Here, each defendant was liable for the entire obligation as a joint debtor, not a joint tortfeasor. The Bank was, therefore, able to release Mary, a joint debtor, without prejudicing its claims against the other debtors. When two or more debtors are jointly and severally liable on an obligation, the

release of one of the debtors discharges the obligation of the other debtor *only* to the extent of the consideration paid for said release. See *Misco Leasing, Inc. v. Bush*, 208 Kan. 45, Syl. ¶ 1, 490 P.2d 367 (1971).

Defendants finally argue that this case should be remanded for a hearing since the district court's order denying their motion to set aside the default judgment "states neither the controlling facts nor the legal principles controlling the decision." They cite *Read v. Estate of Davis*, 213 Kan. 128, Syl. ¶ 3, 515 P.2d 1096 (1973), which states:

"Where the findings and conclusions of the trial court are inadequate to permit meaningful appellate review, the appellate court has no alternative but to remand the case for new findings and conclusions."

At the hearing on the defendants' motion to set aside the default judgment, neither party presented evidence. The district judge denied the motion to set aside the default judgment after reviewing the court file and hearing arguments of counsel. The Bank points out that, unlike the appellants in *Read*, the defendants here did not raise this objection in the district court; therefore, it is presumed that the district judge found all the facts necessary to support the judgment. In *Celco, Inc. of America v. Davis Van Lines, Inc.*, 226 Kan. at 369, where a similar argument arose, we noted that the record was void of any indication that the appellants objected to the absence of findings and conclusions at the trial level. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-252 (1979) states: "It is well established in Kansas that in the absence of an objection first made in the trial court omissions in findings will not be considered in the appellate court. The trial court is presumed to have found all of the facts in issue necessary to support the judgment." See *Southwest Nat'l Bank of Wichita v. ATG Constr. Mgt., Inc.*, 241 Kan. 257, 265, 736 P.2d 894 (1987).

Affirmed.

SIX, J., not participating.