NOT DESIGNATED FOR PUBLICATION

No. 115,824

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERBEN-ERMITTLUNG EMRICH ZOSSEN GMBH & CO. KG,
*Appellee*,

v.

ROBERT LAWRENCE, Executor for the Estate of SENTA GUNDA LAWRENCE,
*Appellee*,

v.

HENNING SCHRÖDER INTERNATIONALE ERBENERMITTLUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed December 15, 2017. Affirmed.

*Stephen M. Kerwick*, of Foulston Siefkin LLP, of Wichita, for appellant.

*Gregory C. Graffman*, *Cody R. Smith*, and *Todd D. Hauser*, of Geisert, Graffman & Smith, P.A., of Kingman, for appellee Erben-Ermittlung Emrich Zossen GmbH & Co. KG.

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Plaintiff/Appellee Erben-Ermittlung Emrich Zossen GmbH & Co. KG (Emrich) was awarded a default judgment against Henning Schröder Internationale Erbenermittlung (HSIE) for tortious interference with contract. Both companies are based in Germany, but the contract in suit was with a Kansas resident, Senta Gunda Lawrence.

1

Nine months after the default was entered, HSIE moved for relief from judgment on grounds that the judgment was void; that the judgment was entered without jurisdiction over the proprietorship; that it was not notified of the default; and that it was entitled to relief under the Hague Convention because it had a prima facie defense. The district court denied relief on each of those theories.

HSIE timely appealed. After the appeal was docketed, Emrich obtained summary judgment against Lawrence on its breach of contract claim. For the reasons stated below, we affirm.

In this appeal, HSIE and Emrich were both in the business of identifying decedent estates that had no discernible heirs, locating putative heirs, and representing the putative heirs in proceedings to obtain inheritances from the estates. Both HSIE and Emrich had contracts—at various points in time—with Lawrence, a Kansas resident, who was a possible heir in a decedent's estate located in the country of Germany. Lawrence was originally represented by HSIE; she later signed a contract with Emrich; and when much of the work had been completed, she purportedly revoked her contract with Emrich. Emrich sued Lawrence for breach of contract in 2009 and added HSIE in 2011 as a third-party defendant, claiming that HSIE had tortiously interfered with Emrich's contract with Lawrence. The value of the contract was approximately $240,000, which represented 20% of the value of Lawrence's one-third share of the estate.

Emrich served HSIE with summons in June 2011 in Germany, but HSIE failed to respond to the summons within the statutory time limit. In September 2011, Emrich moved for default judgment. The validity of the service was hotly contested below, but the district court determined that service had been properly completed. In February 2012, the district court filed a journal entry of default judgment and certified the judgment as final under K.S.A. 2016 Supp. 60-254(b), which governs entry of final judgment as to one party in a multiple-party suit. Emrich notified HSIE of the default judgment via the

United States Postal Service. Emrich's claim against Lawrence for breach of contract had not yet been adjudicated when the judgment was entered against HSIE.

Approximately nine months after judgment was entered, in November 2012, HSIE moved for relief from default judgment. The district court held a hearing on the motion, over a period of four days, in March 2014 and in September 2014. The court took testimony regarding the details of service and the requirements of service under German law and the Hague Convention on the Service Abroad of Judicial Extrajudicial Documents in Civil or Commercial Matters (the Hague Service Convention). The district court made extensive findings of fact and undertook lengthy analysis of the requirements of the Hague Service Convention.

The district court's conclusions of law were as follows:

(1) That the defendant entity was one capable of being sued;

(2) That the service of process was valid under the Hague Service Convention and German law;

(3) That HSIE was not entitled to relief under K.S.A. 2016 Supp. 60-260(b) because it "did nothing" after being served with the petition and the motion for default judgment; and

(4) That HSIE could not obtain relief from judgment under Article 16 of the Hague Service Convention because it was not a "party without any fault" as required for relief under Article 16.

Specifically, the district court found that HSIE received the motion for default judgment in October 2011 and "did nothing" until Emrich attempted to enforce the judgment in November 2012. Further, the district court found that HSIE had knowledge of the suit because it was in communication with parties in Kansas, including the attorney originally representing Lawrence in this suit, starting in 2010, and that HSIE

3

communicated with Lawrence's current attorney in 2011 and then retained him as its attorney.

The district court rejected HSIE's argument that the default judgment was void or voidable under Article 15 of the Hague Service Convention. Moreover, the court ruled that HSIE was not entitled to relief under Article 16 of the Convention because HSIE was not "without any fault" in the matter.

In October 2016, Emrich obtained an oral ruling, entitling it to summary judgment against Lawrence for breach of contract. No journal entry was made at that time. HSIE, aware of the ruling but apparently waiting for the journal entry to be filed, sought and received three extensions before it filed its brief in December 2016. The summary judgment journal entry, involving Lawrence, was filed in February 2017. HSIE also filed a reply brief seven months after that in September 2017.

After summary judgment was entered, Lawrence filed a notice of appeal but failed to timely docket it, prompting the district court to dismiss her appeal in May 2017. This court denied reinstatement of the notice of appeal, and no further avenues of relief were available to Lawrence concerning the summary judgment decision.

Emrich raises two foundational issues—whether HSIE waived its claims on appeal by failing to meet the requirements of Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) and whether the entry of judgment against Lawrence for breach of contract moots HSIE's arguments that final judgment against it was improper because its liability was contingent on the outcome of the Lawrence litigation. We will address these two issues first.

4

*Did HSIE Waive Its Arguments by Failing to Raise Them Below or by Abandoning Them When It Failed to Comply with Kansas Supreme Court Rule 6.02(a)(5)?*

Generally, issues and legal theories not raised before the district court cannot be raised on appeal. *State v. Kirtdoll*, 281 Kan. 1138, 1149, 136 P.3d 417 (2006). This is a reasonable rule because a party should not be allowed to present one theory to the district court and then argue for another on appeal.

Emrich argues that HSIE has failed to comply with Rule 6.02(a)(5), which requires an appellant to include in its brief "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled upon" below.

To consider whether HSIE raised its issues before the district court, we will first set out the issues HSIE raised in its motion for relief from the default judgment and those that it raised on appeal. Next, we will examine HSIE's citations to the record to determine if HSIE met the requirement of Rule 6.02(a)(5). Finally, we will determine whether HSIE invoked an exception under the second part of Rule 6.02(a)(5) which would allow it to bring an issue for the first time on appeal.

*Listing of the issues presented to the district court below and those presented on appeal.*

The four issues raised to the district court in HSIE's motion for relief from the default judgment were as follows:

(1) That the judgment was a nullity because HSIE is not a justiciable entity in the state of Kansas;

(2) That the service of process was improper under Kansas law because the summons was not delivered by return receipt delivery;

(3) That the judgment was void or voidable under Article 15 of the Hague Convention because service was not in accordance with Kansas law; and

(4) That the relief from the default judgment was proper under Article 16 of the Hague Convention because the default judgment was not mailed to Henning Schroder, the proprietor of HSIE, as an individual, and because he did not become aware of the default judgment until October 18, 2012.

HSIE raised none of those issues on appeal, apparently accepting the decisions of the district court. HSIE listed the following issues on appeal:

(1) That the original district court erred in entering a default judgment against it while a question regarding service of process on foreign soil remained and in failing to consider less severe sanctions than default judgment;

(2) That the original district court erred when it certified the judgment as final under K.S.A. 2016 Supp. 60-254(b) before the underlying question concerning Emrich's claim of breach of contract by the other defendant, Lawrence, was resolved; and

(3) That the district court abused its discretion by failing to grant relief from the default judgement in light of the contingent nature of HSIE's liability and the difficulty of the defendant Lawrence in defending against Emrich's breach of contract claim with the absence of the defendant HSIE.

The lack of compatibility with the issues raised at the district court level from the issues raised on appeal is very evident. For example, under issue one previously cited at the district court level, HSIE sought relief from the default judgment claiming it was "a nullity" according to K.S.A. 2016 Supp. 60-260(b)(4). This subsection deals with a judgment being void. Moreover, HSIE also obtained an order of stay from the district court preventing the enforcement of the default judgment on April 16, 2014 under K.S.A. 2016 Supp. 60-260(b)(4). Nevertheless, on appeal, HSIE has abandoned its void judgment claim according to K.S.A. 2016 Supp. 60-260(b)(4) and now maintains on

6

appeal that it should have received relief under K.S.A. 2016 Supp. 60-260(b)(6). (See above HSIE's appeal issues one and three, previously cited as being raised at the appellate level). According to K.S.A. 2016 Supp. 60-260(b)(6), the district court has the discretionary power to relieve a party from a final judgment for any justifying reason. HSIE, however, never argued before the district court for relief under K.S.A. 2016 Supp. 60-260(b)(6). Only on appeal has HSIE advocated for relief under K.S.A. 2016 Supp. 60-260(b)(6).

Moreover, according to HSIE's appeal issue two, previously cited above as being raised at the appellate level, HSIE never argued or even mentioned any issue with the finality certification under K.S.A. 2016 Supp. 60-254(b) at the district court level.

The second issue Emrich raises concerns preservation: Has HSIE properly cited to the record where each issue on appeal was raised and ruled upon below?

*The requirement of specific record cites.*

Rule 6.02(a)(5) requires the appellant to provide "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled upon." The second part of the Rule provides a means for appealing an issue that was not raised below. We examine each part in turn.

HSIE provides only seven references to the record of proceedings on its motion for relief from the default judgment in its opening brief and none in its reply brief. The seven references are quoted below, with the record citations shown in bold. Record Volume II contains the court's rulings on the motion for relief of the default judgment and Volumes III-VIII are the transcripts of the hearings.

"And, this was further complicated by the fact that the delivery was attempted by leaving the mail on a non-business Saturday. **R. II, (49)**."

"Schroder sought to vacate this judgment roughly 8 months later but, after several hearings by electronic means, his Motion was denied, this time by Judge Maughan**. R. II, 349.** This appeal follows**. R. II, 378**."

"This was contained in a Motion of November 15, 2012. **R. II, 4, 49**."

"The present appeal ensued. **R. III, 46, 73**."

"This attempt came to nothing however, as both Herr Schroder and Herr Zossen participated in hearings before Judge Maughan after briefing and proffer of and objection to evidence on German law and practice. **See generally R. II, 349 et seq**."

"One further factor that the district court missed in its extensive decision based on International, European Union and German federal law under the Hague Treaty (grafted extensively from plaintiff's suggested findings (**compare R. II, 286 et seq. with R. II, 349 et seq**.) is the plain fact that a claim of tortious interference with the Zossen-Lawrence contract must obviously be based on a finding that Lawrence was unjustified in her actions and therefore in breach by revocation and non-performance of the contract."

Those few citations to the record are obviously inadequate to meet the specificity requirements of Rule 6.02(a)(5). We will next consider if HSIE can nonetheless present its issues here because of an exception to the requirement that the issues must be raised below.

*The availability of an exception.*

The second part of 6.02(a)(5) provides that if an issue was not raised below, an appellant must explain why it was not raised and explain "why the issue is properly before the court." To present an issue for the first time on appeal, the appellant must

acknowledge its failure to raise the issue below and expressly invoke one of the exceptions that would warrant appellate review of the issue. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Rule 6.02(a)(5) has been strictly enforced since 2014, when our Supreme Court issued its decision in *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). The following year, in *Godfrey*, our Supreme Court deemed a brief "woefully insufficient" because the appellant made no effort to comply with Rule 6.02(a)(5). 301 Kan. at 1044. Not only did the appellant not provide an explanation in his opening brief for why the issue was properly before the court, but he also failed again to do so in his reply brief after the State had raised a lack of preservation in its brief. See *Godfrey*, 301 Kan. at 1044.

Similarly, Emrich challenges HSIE's preservation of the issues. In reply, HSIE merely states that the question of preservation of points on review is "clearly controversial in this case." HSIE does not acknowledge its failure to follow Rule 6.02(a)(5) or attempt to explain why the issues are properly before this court. In the words of our Supreme Court in *Godfrey*, "[t]his complete failure to follow our rules continues to puzzle us." Our Supreme Court stated that "the possible application of an exception permitting review for the first time on appeal has been abandoned by Godfrey's failure to brief it." 301 Kan. at 1044. HSIE has likewise waived and abandoned its issues on appeal because it has failed to follow Rule 6.02(a)(5).

Moreover, even if we had reached the merits of this case, we would not have set aside the default judgment against HSIE. During oral argument, HSIE, through its attorney, cited the case of *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 781 P.2d 1077 (1989), which is helpful to our inquiry. For example, HSIE's main argument on appeal was the entry of default judgment against it before a determination had been made whether the defendant Lawrence had breached her contract with Emrich. HSIE maintained that the alleged breach of contract was an indispensable element of Emrich's claim of tortious interference with a contract. The elements of tortious

9

interference with a contract are as follows: (1) the existence of a contract; (2) the wrongdoer's knowledge thereof; (3) an intentional procurement of its breach; (4) the absence of justification; and (5) the damages resulting from it. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013). HSIE argues that because the existence of the claim of tortious interference with the contract was dependent on findings concerning the acts of the other defendant, Lawrence, default against HSIE should not lie. Moreover, HSIE maintained that it was an abuse of discretion for the district court to deny relief from the default judgment according to K.S.A. 2016 Supp. 60-260(b)(6). The defendants in the *Bazine* holding made a similar contention.

Nevertheless, the Bazine State Bank argued that because the defendants had failed to raise this argument at the hearing on their motion to set aside the default judgment, they should be estopped from raising it now. In agreeing with the bank's contention, the *Bazine* court stated: "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." 245 Kan. at 497. Here, like the defendants in the *Bazine* decision, HSIE failed to raise or present this argument to the district court at the hearing on the motion to set aside the default judgment. As a result, HSIE's argument fails.

Affirmed.