NOT DESIGNATED FOR PUBLICATION

No. 117,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LEROY DAVIS,
*Appellant*,

v.

REX PRYOR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 29, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, Lansing Correctional Facility, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Anthony Leroy Davis, an inmate at the Lansing prison, filed a K.S.A. 2016 Supp. 60-1501 petition containing various allegations based on the conditions of his confinement as purported violations of the prohibition on cruel and unusual punishment in the Eighth Amendment to the United States Constitution. The district court denied Davis' petition and various related motions. Davis appeals. We find no error and affirm.

1

Davis filed a petition for writ of habeas corpus pursuant to 60-1501 on June 23, 2015. Davis made numerous allegations revolving around the Eighth Amendment's prohibition against cruel and unusual punishment. The district court filed a writ of habeas corpus on July 14, 2015, ordering Davis' appearance "for an evidentiary hearing" on the matter on September 17, 2015, at 1 p.m. On August 19, 2015, the district court issued an order addressing motions filed by both sides. The order stated a "status telephone conference" was to take place on September 17.

The district court docket indicates Davis appeared on September 17, 2015, via telephone and a case management conference was set for November 19 at 1 p.m. Also on September 17, 2015, the district court filed a notice of hearing indicating the case was set for a "case management conference" on November 19, 2015, at 1 p.m. The district court issued an order on October 20, 2015, addressing motions filed by Davis. The order stated the case was "set for trial on November 19th, 2015 at 1:00 pm."

The trial occurred on November 19, 2015. Davis began his testimony discussing issues of overcrowding and an inadequate diet. In the middle of Davis' testimony, he indicated he was not prepared to argue his case, but instead he had prepared for the case management conference. The district court explained that Davis' other case was set for a case management conference. Davis then went on to argue for a default judgment because Rex Pryor (the prison's warden) had failed to appear at the hearing. The district court took the matter under advisement. The district court denied Davis' petition in a written order filed on December 16, 2015. The district court found Davis had presented no evidence other than "his mere assertions."

Davis filed motions for a new trial and to alter or amend judgment on December 28, 2015. The district court denied the motion in an order filed January 13, 2016. Davis timely filed his notice of appeal on February 8, 2016, limiting his appeal to the order denying his motion to alter or amend and all other motions.

Davis contends that he was confused about the setting as to whether it was a case management conference or an evidentiary hearing. Davis maintains this is partially the district court's fault because of the confusing hearing notices it sent out. Davis argues this rendered "[t]he [d]istrict [c]ourt's conclusions of law" insufficient. The State contends Davis could have easily asked for an appointed lawyer or a continuance but proceeded anyway. Essentially, the State argues Davis had ample opportunity to present evidence and chose not to. The State alternatively argues the petition was properly denied because Davis had not yet exhausted his administrative remedies.

As noted, Davis filed his notice of appeal limiting himself only to the denial of his posttrial motions. It is within the discretion of the trial court to grant or deny a new trial under K.S.A. 2016 Supp. 60-259(a). A ruling on a motion for new trial will not be disturbed on appeal except upon a showing of abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). Similarly, as a general rule, a ruling on a motion for relief from a final civil judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989).

If we were to liberally construe Davis' pro se notice of appeal, we would review a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015).

In this case, Davis presented no evidence other than his own testimony that never really addressed the substance of his claim. As a result, the district court did not have any

3

relevant competent evidence to make factual findings supporting the petition. The district court properly denied the petition for lack of evidence and did not abuse its discretion in issuing that denial. It is true that the district court appeared to change the purpose of the hearing about a month beforehand. Davis was mailed the order with that the change. Davis does not allege that he lacked notice that the November 19 hearing would be a trial. We, therefore, have been presented with no grounds to upset the district court's decision.

Affirmed.